**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket Nos. 18821** |

**ANDERSON MEMORIAL HOSPITAL'S**
**APPLICATION FOR APPEAL OF ORDER DENYING**
**CLASS CERTIFICATION UNDER FED. R. BANKR. P. 7023**

Anderson Memorial Hospital, through counsel, respectfully makes this application

pursuant to Rules 7023, 8003 and 9014 Fed. R. Bankr. P and 28 U.S.C. § 158(a) for an appeal of

the Court's May 29, 2008 Order Denying Anderson Memorial Hospital's Motion for Class

Certification [Order Attached as Exhibit 1]. This motion for Leave to Appeal accompanies

Anderson's Notice of Appeal filed pursuant to Rule 8001(a), FRBP. Although the underlying

Order appealed from denies Anderson's motion for class certification *with prejudice*, Anderson

files this motion in the event that the Court concludes that the underlying order is interlocutory in

nature. Anderson anticipates filing its designation of the record pursuant to Rule 8006, FRBP

regarding both the Notice of Appeal and this Motion within the ten (10) days.

## I.    INTRODUCTION AND SUMMARY

1.    The Bankruptcy Court denied Anderson's motion for class certification on the

basis that Anderson had not meet the numerosity requirement of Rule 23(a), FRCP and said it

would not consider other elements of Rule 23(a) because that issue was dispositive. The Court

also held that the elements of Rule 23(b) had not been met.

2.    This case satisfies all three principles that this Circuit has identified to guide

appellate courts in considering whether to grant or deny permission to appeal an order denying

class certification. First, the effect of the bankruptcy court's order denying class certification is tantamount to the dismissal with prejudice of the property damage claims of hundreds to thousands of absent class members who were known by the Debtors, but to whom the Debtors did not provide actual notice of the bankruptcy. The bankruptcy court's denial of class certification more than five years after the bar date effectively terminates the litigation and forecloses any chance of presenting in this bankruptcy case a property damage claim for hundreds to thousands of absent class members. Second, class certification avoids potentially ruinous liability for the Debtors. Indeed, the reorganized Debtors may be subject to suit by untold numbers of individual plaintiffs post-confirmation because, although known by the Debtors, they were not provided with actual notice of the bankruptcy filing. Third, this appeal presents novel questions of law that have not been previously considered by this Circuit, and review of the Bankruptcy Court's Order Denying Class Certification will provide the appellate courts the opportunity to determine the place of class action procedure in the bankruptcy courts of this circuit and clarify for litigants the thorny procedural issues surrounding the filing of a class claim, all of which are at issue in this case. Moreover, the bankruptcy court's foreclosure of these claims is based upon the alleged oral order to seek permission to file a class proof of claim that was followed by additional hearings at which the court and the debtors made additional comments inconsistent with the alleged oral order and ultimately entered a written bar order that contained no such requirement. All of these factors, coupled with the fact that a plan confirmation hearing has been scheduled for January of 2009, create a possibility that the bankruptcy court's Order effectively dismissing a class consisting of hundreds to thousands of asbestos property damage claims will not be reviewable unless it is done now.

3.    Anderson Memorial Hospital, on its own behalf, and on behalf of the claimants it represents, has been attempting to determine the validity of property damage claims against the Debtors for fifteen years.  These efforts are now at risk as the result of the entry of the order denying class certification.  Accordingly, the United States District Court for the District of Delaware should exercise its discretion to allow this appeal, even if it is considered interlocutory.

4.    All of these factors, coupled with the fact that a plan confirmation hearing has been scheduled for January 2009, dictate an early appellate review of these important issues so that the legal position of Anderson and the members of the class can be established before the confirmation hearing.    Absent immediate appellate review, these class claimants may be deprived of their rights to participate in plan confirmation and ultimately to vote on whether the proposed plan of reorganization should be accepted or rejected.

## II.    BASIS OF APPLICATION

5.    This motion is made pursuant to Rule 23(f), FRCP which is made applicable to these proceedings by Rules 7023 and 9014, FRPB.  Rule 23(f) provides that

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit court clerk within 10 days after the order is entered.  An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

6.    Under 28 U.S.C. §158(a)(3), this district court is vested with appellate jurisdiction over the bankruptcy court.

7.    To the extent that the Bankruptcy Court's Order Denying Class Certification may be considered interlocutory, a decision to allow an appeal from an order granting or denying class certification is within the sole discretion of the reviewing court.  *Advisory Committee Notes, 1998 Amendments to Rule 23, Subdivision (f)*.  The Committee went on to note that

permission would most likely be granted where the "certification turns on a novel or unsettled question of law, or when, as a practical matter, the decision on certification is likely dispositive of the litigation." *Id.* This circuit has identified three important, but not exhaustive, principles upon which appellate courts should be guided in considering whether to grant or deny permission to appeal:

> (1) when denial of certification effectively terminates the litigation because the value of each plaintiff's claim is outweighed by the costs of stand-alone litigation; (2) when class certification places inordinate or hydraulic pressure on defendants to settle, avoiding the risk, however small, of potentially ruinous liability; and (3) when an appeal implicates novel or unsettled questions of law

*Newton v. Merrill Lynch, Pierce, Fenner & Smith*, 259 F.3d 154 (3d Cir. 2001).

### III.    BACKGROUND

8.    On December 23, 1992, Anderson Memorial Hospital, with Speights & Runyan as class counsel, filed a class action against Debtors and a number of other former manufacturers of asbestos-containing surfacing materials on behalf of

> all persons, corporations, partnerships, unincorporated associations or other entities which own in whole or in part any building which contains asbestos-containing surfacing materials.

[Dk. 10001, at Exhibit G].[1]    The parties litigated the putative class action in State and Federal Court for over eight years prior to Grace's Chapter 11 Petition. Among the contested issues were federal removal jurisdiction, proper venue over the action, numerous discovery matters, and several motions to dismiss and/or motions for summary judgment. Included in these matters was a motion by the defendants to strike all reference to non-South Carolina class members from the complaint based upon the South Carolina "Door Closing Statute." (S.C.Code Anno. §15-5-150).

---

1 The Anderson Class excluded (1) any public and private elementary school within the Class Action; (2) any public and private college or university within the Class Action; (3) any commercial building leased in any part to the United States Government on or after May 30, 1986; or (4) any building owned by Federal or State Government.

[Id. at 2-13].  After a hearing on this motion, the South Carolina court issued an order striking out-of-state class members from the Anderson Complaint [Id.].  In 1995, the Court denied reconsideration of that order.  [Id.].  Because that order did not conclude the case, it was not immediately appealable under South Carolina law.  [Id.].  Anderson could only reserve its position for appeal at the conclusion of the case before the circuit court.  [Id. at 13].

9.      After the South Carolina court entered its door-closing order, Anderson moved for class certification of the state class in 1998.  [Dk. 10001, p. 7].  The South Carolina circuit court (based upon Grace's bankruptcy threat) entered an *ex parte* order conditionally certifying a state-wide asbestos property-damage action against the Debtors on February 9, 2001.  [Id. at Exhibit H].  At the time the February 9, 2001 Order was entered, Anderson's class certification motion had been pending for over three (3) years and the parties were five (5) months removed from a two day evidentiary hearing on class certification.  [Id. at 7-10].  Resolution of the certification motion had been substantially delayed by the Debtors' repeated requests to amend the class certification scheduling order and its requests for briefing after the hearing.  [Id. at p. 9].  Debtors were subsequently provided the opportunity to fully brief the propriety of the certification order and were given a hearing as well.  [Id.].  At the close of briefing and after the hearing, the South Carolina circuit court kept the certification order in effect, and subsequently issued a lengthy certification order granting class certification to Anderson for a South Carolina class as to the remaining co-defendants.  [Id.][2]  Debtors filed their Chapter 11 petition on April 2, 2001 before any notice to the class could issue.

---

2 The Anderson class has been specifically recognized as appropriate in the plans of reorganization in three other asbestos bankruptcies presided over by Judge Fitzgerald.  *See*, In *Re: Federal-Mogul Global, Inc.*, Debtors, Chapter 11, Case No. 01-10578 (JKF) (Bnkrtcy.D.Del); *In Re: U.S. Mineral Products Company*, Chapter 11, Case No. 01-2471-JKF (Bnkrtcy.D.Del); *In Re: USG Corporation, et al.*, Debtors, Chapter 11, Case No. 01-2094-JKF (Bnkrtcy.D.Del.).

10.    Shortly after Debtors filed their bankruptcy petition, Debtors sought a Case Management Order which imposed a bar date. [Dk. 586]. On February 12, 2002, the Debtors filed a Revised Case Management Motion providing for the disposition of all asbestos property damage claims [Dk. 1664].    As a foundation to its proposed resolution of property damage claims, the Debtors renewed their request for a "Bar Date" for the filing of present claims for damage caused by products manufactured by Debtors. [Id. at 3].    In this motion, the Debtors proposed a "Notice Program," which essentially provided for notice by publication without any direct notice to unrepresented building owners who could be reasonably identified through the Debtors' records.[3] [Id].  The Debtors' initial proposed Bar Date Notice prohibited class proofs of claim and sought to inform claimants in the notice that they **could not rely on class actions** to protect their rights in the bankruptcy.    Specifically, the Debtors included the following (with emphasis in the original):

### 7.    CLASS ACTION PROOFS OF CLAIM

Several class action lawsuits . . . involving Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, or other claims have been initiated against the Debtors.  Certification of classes have been requested and/or occurred in the following matters: . . .(10) *Anderson Memorial Hospital, et al. v. W.R. Grace & Co.*, Case No. 92-CP-25-279 (Ct of Common Pleas, Hampton Co. S.C.) . . .

**If you are a member of any of the classes which hold Claims against the Debtors, including but not limited to the classes referred to in the Class Actions outlined above, you must file an INDIVIDUAL proof of claim before the applicable Bar Date if you intend to assert a claim.  Please take notice that class proofs of claim will not be allowed and you may not rely on any such class proof of claim.  Unless you file an individual proof of claim before the applicable Bar Date, you will be forever barred from asserting a claim against the Debtors.**

---

3 Unlike the Grace notice, Judge Newsome required direct notice to building owners who could be identified from the Debtors' records in three asbestos bankruptcies. *In Re: Federal-Mogul Global, Inc.*, Debtors, Chapter 11, Case No. 01-10578 (JKF) (Bnkrtcy.D.Del); *In Re: U.S. Mineral Products Company*, Chapter 11, Case No. 01-2471-JKF (Bnkrtcy.D.Del); *In Re: USG Corporation, et al.*, Debtors, Chapter 11, Case No. 01-2094-JKF (Bnkrtcy.D.Del.).

[Dk. 1664, p. 7].

11.    Three days later, the Debtors filed their Brief Regarding Bar Date and Class Notice. [Dk. 1677]. In this brief, the Debtors argued that "class certification can and should be dealt with down the road, after the claims have come in." [Id., pp. 1-4]. Debtors also argued that the Third Circuit had not had the opportunity to address and should not adopt *In re: American Reserve*, , 840 F.2d 487, n. 3 (7th Cir.1987). [Id.]. Counsel for the Debtors further argued that:

> A class representative cannot possibly comply with Rule 2019 since **many class members are unidentified and may be unidentifiable.** Rule 3001(b) permits "authorized" agents to file proofs of claim on behalf of creditors, but **a self-appointed class representative is not an authorized agent. In order to comply with Rule 3001(b), a class representative would have to obtain authorization from each individual class member, thus precluding filings on behalf of unidentified claimants.** Further, Rule 3003(c)(2) allows a debtor's creditor to participate in voting and distribution of estate assets only where that creditor has filed a proof of claim. This "stringent requirement" is simply not satisfied where a class representative files a proof of claim on behalf of absent class members.

[Id., p. 5].

12.    Finally, Debtors argued that even if the Court should follow *In re: American Reserve*, "a bar date would still need to be set and a class proof of claim filed." [Id., p. 4].   As explained by Debtors' counsel:

> A claims bar date had been set and the time for filing such claims had passed before the court addressed the class issues in <u>American Reserve</u>, 71 B.R. 32, 33 (N.D. Ill. 1987). **The purported class claimants had filed a timely proof of claim in the bankruptcy case on behalf of themselves and all other policyholders of the debtor**.

[Id., pp. 7-8].

13.    Significantly, the Debtors did not argue that a claimant needed the permission of the Court to file a class proof of claim. [Id.].

14.     On February 25, 2002, the Court conducted its first hearing on the Debtors'

Revised Motion for Case Management Order. The Court stated early on that it wanted to send

out a property damage Bar Notice, and that it would decide later how to deal with the asbestos

property damage claims once it got the basic information from the proofs of claim. [Dk. 1793,

pp. 60-61]. After entertaining extensive arguments on the Debtors' proposed proof of claim

form and notice program, the bankruptcy court sent the Debtors and the Asbestos Property

Damage Committee back to the drawing board to work out differences and report back at the

March omnibus hearing. [Id., p. 91].

15.     Near the end of the February hearing, the Property Damage Committee's counsel

(Mr. Baena) pointed out that the Debtors' proposed Proof of Claim was not designed to be used

for a class proof of claim. [Id., p. 96]. Of course, at that time, Debtors' proposed Bar Date

Notice prohibited class proofs of claim altogether. [Dk. 1664]. The bankruptcy court agreed and

noted that "it seems to me that the process that Judge Gambardella followed" in *In re: First

Interregional* "makes good sense" and is a "very efficient process. [Dk. 1793, p. 97]. The

bankruptcy court went on to say that she had a "call into Judge Gambardella to ask how it

actually worked, because at the moment I don't know that. I'm only reading it from the case."

[Id., p. 98]. The Court explained that – without "making rulings," and "just talking in general

terms" – "I think there is some benefit to using that class process," and it "may be appropriate in

this case." [Id., pp. 97-98]. The Court then addressed the issue of how absent class members

could be included in the bankruptcy proceedings:

> The issue that she addressed, and in fact other Courts have addressed, is
> whether you need to file an individual proof of claim either in addition to
> or in lieu of the class claim. She, and most of the other Courts that looked
> at this issue, decided you do not need the individual claims if you permit
> the class proof of claim, because in some senses it's duplicative. In other
> senses it essentially wipes out the class action aspects of the proof of claim

form. I'm inclined to think that's probably right. **But I'm not sure in every given case that you don't also need either an individual claim form or an identification of the Claimant.** In her case she did not need to get into the individual proof of claim form because attached to the class group was a list of all the putative claim holders. And she found that that was sufficient.

So that's what I think we need to do. We need to figure out how to get appropriate notices out. Then we need to figure out who the putative class members are. And then we need a list. Somewhere or other the Debtor needs a list of who the putative class members are. And it's gonna be important for both estimation and actual damage issues if we get that far.

[Id., pp. 97-98] (emphasis supplied).

16.    Earlier during the hearing, Anderson's counsel, who was present as a member of the Property Damage Committee, briefly explained that Anderson was the representative of a certified class action on behalf of Property Damage Claimants. [Id., pp. 53-54]. During its discussion of *In re: Interregional*, the Court asked about the Anderson class, and the following exchange occurred.

THE COURT:  But who are the Claimants?  I don't care about the number of buildings.  Who are the Claimants?  In that case, for example, are they all public buildings owned by the State of South Carolina?

MR. SPEIGHTS:  No.  They are all private buildings, commercial buildings, houses, churches, schools who opted out of the school's class, and colleges who opted out.  It's every type of building except Government buildings.

MR. BERNICK:  There's an issue there about how many of them were settled. But Mr. Speights just made my case, which is that even if you had a large group of claims, you'd still have to know all about all those -- how many of those people have what type of buildings, and are they really gonna step forward at the end of the day and seek to have their particular claims recovered out of the class.

* * *

THE COURT:  **I think you can do it in several ways.  But the way that Judge Gambardella looked at this issue was to say that attach -- at some point, yes.  Somebody has the burden of coming forward to**

**identify the Claimants and, in this instance I think, the building involved in the damages asserted. I agree with that. The question is, do you do it by individual proof of claim forms? Do you permit a class proof of claim form and have the representatives of the class adopt the burden of identifying the class members?**

MR. BERNICK: No, that's what's very, very different.

THE COURT: That's what she did.

MR. BERNICK: But, no, what she did was a little bit different. What she did was to say, "I'm gonna let this case proceed as a class." And it actually had it defined under a people. And we're going to have them identify the Claimants. **We're gonna go through class discovery --**

THE COURT: **Right**.

[Id., pp. 101-102] (emphasis supplied).

17.     At the end of hearing, the bankruptcy court announced it would follow the *Interregional* case, which adopted *American Reserve* in all respects: it permitted class proofs of claim; and it permitted a putative class representative to seek certification of a class that included persons who did not file individual claims by the Bar Date.[4] The bankruptcy court had said that it was "probably right" that individual claims were unnecessary if class proofs of claim were permitted, but that it was "not sure in every given case that you don't **"also"** need either an individual claim form or an identification of the claimant." [Id., pp. 98-99]. The court also said that the Debtors "need a list of who the putative class members are." [Id., p. 99]. The bankruptcy court also said that class representatives probably needed to supply individual claim forms identifying class members or a list of class members as a part of class claim. [Id., p. 98]. Finally, the bankruptcy court agreed with Debtors that the building owners who were absent class members could be identified through discovery after the claims had been filed and the bar date had passed. [Id., p. 102].

---

[4]*In Re First Interregional Equity Corp.*, 227 B.R. 358, 367 (D. N.J. 1998).

18.    While the bankruptcy court initially said that it wanted a motion filed to determine whether a class proof of claim is appropriate, [Id., pp. 107-108], the bankruptcy court also agreed with Mr. Baena, counsel for the Property Damage Committee, that the potential class representatives needed specific notice if the court where to impose such a requirement. Id., pp. 107-109]. More importantly, the Debtors consistently opposed any requirement that class claimants seek permission to file a class proof of claim, [Id., pp. 104-105, 108-109; March 13, 2002 Letter from David Bernick to the Honorable Judith K. Fitzgerald], and after taking this position over the course of subsequent hearings and communications to the court, the bankruptcy court ultimately placed no such requirement in its final order on the Debtors' revised motion dated February 12, 2002. [Dk. 1963]. Accordingly, at the urging of the Debtors, the court apparently changed its mind on this point in subsequent hearings. [Id.]. More importantly, the bankruptcy court never gave or required any notice to class representatives that they would be required to seek permission to file class proof of claims (as it said it would if that was its ruling). [Dk. 1793, pp. 107-109]. Most importantly, the bankruptcy court deleted the prohibition on class proof of claims and the requirement that class members would have to file individual claims and could not rely upon class actions to preserve their claims in its final bar date order and bar date notice. [Dk. 1960; Dk. 1963].

19.    Following the February 25, 2002 hearing, the Zonolite Attic Insulation Claimants, perhaps out of an abundance of caution, filed a motion seeking permission to file a class proof of claim. [March 13, 2002 Letter from David Bernick to the Honorable Judith K. Fitzgerald]. Although unknown to Anderson or its counsel at the time, the Debtors' counsel immediately and strongly reacted with a letter to the Court in which it urged the Court to follow *American Reserve* and *Interregional* and not require permission to file class proofs of claim. [I]. Furthermore, the

Debtors took the absolute position that, "Rule 23 is not even applicable until claims are filed **and objected to**." [Id.].[5]

20.    On March 18, 2002, the Court conducted a second hearing on the Debtors' Revised Case Management Order Motion. The Court immediately told the parties that while it had not focused on the class proof of claim motion (which had just been filed and was not set for hearing that day), with respect to the Zonolite Attic Insulation issues, it almost had to decide whether the class of proof claim concept is viable." [Dk. 1912, pp. 53-130]. It was during this discussion that Debtors, aided by the PI Committee, convinced the Court that a claimant did not need permission to file a class proof of claim. [Id., pp. 126-128].

21.    Ten days before the April Omnibus Hearing, the Debtors filed their revised Bar Date Notice Plan, Proof of Claim Forms and Related Materials ("Final Bar Date Package"). [Dk. 1926]. The Bar Date Notice in this final package omitted Paragraph 7 ("**CLASS PROOFS OF CLAIM**") from the previous proposed Bar Date Notice. [Dk. 1960]. The final notice proposed by the debtors (and ultimately signed by the bankruptcy court) did not prohibit filing class proof of claims and did not notify property damage claimants that they could not rely on a class proof of claim. [Dk. 1960; Dk. 1963]. Given the events of the prior hearings, this maneuver was tantamount to an admission by the Debtors that a class representative could file a class proof of claim and that absent class members could rely upon a class proof of claim.

---

5As recently as February 25, 2008, Debtors' counsel has taken this same position, urging the bankruptcy court that

> The Debtors' views with respect to class certification haven't changed [since 2002]. Indeed, they've been underscored by Your Honor's determination. But under any set of circumstances, under the rules, Rule 23 doesn't get brought, doesn't, can't be brought to bear until there's a contested matter, and until therefore, there are claims as to which there is an objection. We're not going to have a contest with respect to which there can be class certification. And that's very clear under the *American Reserve* decision, and under the rules.

[Dk. 18233, pp. 24-25].

22.    After the close of the April 26, 2002 omnibus hearing, the bankruptcy court entered the order adopting the language in the bar notice proposed by the Debtors. [Dk. 1963]. The bar date was set for March 31, 2003. Anderson filed two class proofs of claim: one for the certified pre-petition class action including South Carolina buildings, and one for the putative class action encompassed by its original class action complaint.    [See, Proof of Claim Nos. 9911 and 9914 (w/ attachments)].

23.    It was not until September 1, 2005 that the Debtors filed objections to these two class proofs of claim. [Dk. 9311; Dk. 9315].

24.    Within weeks of receiving the Debtors' claim objections, on October 21, 2005 Anderson filed a Motion for Class Certification under Rules 9014 and 7023, FRBP seeking to certify an asbestos property damage class.    [Dk. 10014].    Anderson's Motion for Class Certification of two classes (the pre-petition certified state class and the non-South Carolina putative class) was argued July 5, 2007.    [Dk. 16422].    During this period, the Debtors announced that they had reached a settlement with the Bodily Injury constituencies that would result in a revised plan of reorganization.    [Debtors' Press Release, April 7, 2008].    The bankruptcy court has scheduled a plan confirmation hearing on the Debtors' revised plan of reorganization for January of 2009. The complexity of the issues is perhaps indicative of the fact that this motion remained under advisement for almost a year before the bankruptcy court denied class certification by order entered on May 29, 2008. [Dk. 18821].

## IV.    QUESTIONS PRESENTED FROM BANKRUPTCY COURT'S ORDER

25.    There are two primary compelling questions for review flowing from the bankruptcy court's order denying class certification:

(1) Whether it was error for the bankruptcy court to limit its consideration of numerosity to only those claimants who had independently filed their own proofs of claim prior to the bar date; and

(2) Whether it was error for the bankruptcy court to find in 2008 that it had, on February 25, 2002, orally ordered property damage claimants to seek permission to file class proofs of claim in advance of the bar date when examination entire record before the court in 2002 including the bar order itself does not support such a finding.

26.    There is substantial authority to suggest that the bankruptcy court's limitation of potential class members to those who had independently filed individual claims pursuant to the bar notice is error.    Indeed, the bankruptcy court acknowledged the holding in *In re: First Interregional Equity Corp.*, 227 B.R. 358, 371 (Bankr.D.N.J. 1998) that a requirement that a class be limited to those who had filed individual claim was "illogical and contrary to most important class action policy considerations." *See also, In re: American Reserve,* 840 F.2d 487 (7th Cir. 1987) (allowing class proof of claim on behalf of class members who did not file individual claims); *In re: Charter Company,* 876 F.2d 866 (11th Cir. 1989) (same).

27.    The bankruptcy court attempts to side-step this legal principle by finding that it specifically ordered that class claimants file a motion seeking permission to file a class proof of claim in advance of the bar date. [Order, n. 7].    However, examination of the whole record establishes that this finding is severely flawed.    This finding, which is based upon an exchange made by the bankruptcy court at a February 26, 2002 omnibus hearing[6] ignores:

(1) that the bankruptcy courts' statements were made shortly after the court had stated that it was "talking in general terms" and "without making any rulings," [Dk. 1793, pp. 97-98];

(2) the bankruptcy court later acknowledged that if it was to require a motion seeking permission to file class proofs of claim would be required, that class representatives were entitled to receive notice of that fact [Id., pp. 107-109];

---

6 The statements cited by the bankruptcy court are on pages 99-111 of the transcript. [Dk. 1793].

(3) the bankruptcy court never gave or approved a notice that permission to file a class proof of claim would be required [Dk. 1960; Dk. 1963];

(4) the Debtors consistently argued to the bankruptcy court that a motion seeking permission to file a class proof of claim was unnecessary and unsupported by the case law and bankruptcy rules [Dk. 1793, pp. 104-105, 108-109; March 13, 2002 Letter of David Bernick to the Honorable Judith K. Fitzgerald; Dk. 1912, pp. 126-128; Dk. 18233, pp. 24-25]; and

(5) the bar notice finally proposed by the Debtors and approved by the bankruptcy court two months and several hearings later conspicuously removed the language that prohibited class proofs of claim and specifically attempted to notify class members that they could not rely on class claims. [Dk. 1960; Dk. 1963].

## V.    ANDERSON'S PETITION FOR PERMISSION TO APPEAL SHOULD BE GRANTED

28.    This circuit has identified three primary criteria for consideration of whether an

appeal under Rule 23(f), FRCP should be granted:

(1) when denial of certification effectively terminates the litigation because the value of each plaintiff's claim is outweighed by the costs of stand-alone litigation; (2) when class certification places inordinate or hydraulic pressure on defendants to settle, avoiding the risk, however small, of potentially ruinous liability; and (3) when an appeal implicates novel or unsettled questions of law

*Newton v. Merrill Lynch, Pierce, Fenner & Smith*, 259 F.3d 154 (3d Cir. 2001).   Of these three,

the first and third are clearly implicated in this instance.

29.    First, the real and practical effect of the bankruptcy court's order denying class

certification is tantamount to the dismissal with prejudice of property damage claims of hundreds

to thousands of absent class members who relied upon the Anderson class action and did not file

individual proofs of claim in the Grace Bankruptcy.   By finding that only claimants who

independently filed their own proofs of claim prior to the bar date, can be counted as potential

class members, the bankruptcy court has effectively excluded and dismissed absent class

members from pursuing an asbestos property damage claim against the Debtor.   Because this

purports to terminate all rights of those class members or at least those who have been provided

appropriate notice to satisfy due process requirements to participate in the Grace bankruptcy, this

appeal should be heard.

30.    Second, class certification in this case would avoid potentially ruinous liability for

the Debtors because the members of the purported class who did not receive actual notice of this

bankruptcy case will hold claims that are not subject to any discharge obtained by the Debtor.

31.    Additionally, as is clear from the record presented in this case, the Third Circuit

has yet to consider the important procedural and substantive questions that have previously been

decided by a number of other circuits regarding class proofs of claim in bankruptcy.  This circuit

has yet to formally adopt or reject the reasoning of *In re: American Reserve*, 840 F.2d 487

(7th Cir. 1987), and its progeny.[7]  Moreover, if the law in this circuit is to be that class actions are

allowed in bankruptcy procedure, then this appeal would present a great opportunity to set forth

the rules and procedures under which the class proof of claim may be filed.  Such questions

include, but are not limited to

> (1) will the third circuit allow class proofs of claim like the seventh, eleventh, ninth, and first circuits, or will it follow the tenth circuit and find that class claims are not allowed in bankruptcy?  *Compare, In re: American Reserve,* 840 F.2d 487 (7th Cir. 1987) (allowing class proofs of claim in bankruptcy) *with, In re: Standard Metals Co.,* 817 F.2d 625 (10th Cir.), *van's on other grounds,* 839 F.2d 1383 (10th Cir. 1987) (class proofs of claim not allowed in bankruptcy).

> (2) in spite of the absence of any bankruptcy rule to this effect, can a bankruptcy court require class representatives to request permission to file a class proof of claim in advance of the bar date?  *Compare,* Dk. 1793, pp. 107-109 with *In re: Charter Co.,* 876 F.2d 866 (11th Cir., 1989), *In re: First Interregional Equity Corp.,* 227 B.R. 358, 367 (D.N.J. 1998) and Rule 9014, FRBP (requiring a "contested matter" or "claim objection" before Rule 7023, FRBP becomes applicable to bankruptcy case).

---

7 *See, In re: Charter Co.,* 876 F.2d 866 (11th Cir. 1989); *In re: Birting Fisheries,* 92 F.3d 939 (9th Cir. 1996); *In re: Trebol Motors Dist. Corp.,* 220 B.R. 500 (BAP 1st Cir. 1998).

(3) if a bankruptcy court can impose such a requirement, is it required to give written notice of that requirement to all potential class representatives in advance?  *See,* Dk. 1793, pp. 107-109; *see also* 11 U.S.C. §523(a)(3) *and Clemton v. Jones,* 72 F.3d 341 (3d Cir. 1995).

(4) must such a requirement be clearly stated in the notice of the bar order? [Id.].

(5) if such a requirement is not permissible or is improperly noticed, at what stage of the bankruptcy proceedings must a creditor claimant seek to invoke Rule 7023, FRBP? *Compare In re: Charter Co., with In re: Sacred Heart,* 177 B.R. 16, (E.D.Pa. 1995).

(6) Can Rule 7023, FRBP be invoked to require a class claimant to file a motion for class certification even though there has been no objection to a class action creditor's claim?  *Id.*

All of these procedural and substantive issues present themselves for adjudication of this appeal.

## VI.    CONCLUSION

32.    Anderson Memorial Hospital respectfully requests that permission to appeal Judge Fitzgerald's May 29, 2008 Order be granted to insure that the absent class members Anderson sought to represent have the opportunity to appeal what is in effect a final judgment against them and also to obtain a definitive ruling from the appellate courts of the third circuit on the propriety and appropriate procedures for pursuing a class action in bankruptcy court.

DATED:  June 9, 2008

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:     (302) 654-0728
E-mail:         loizides@loizides.com

- and -

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC  29924
Telephone:     (803) 943-4444
Facsimile: (803) 943-4599

*Counsel for Anderson Memorial Hospital*

# EXHIBIT "1"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) )  ) | Chapter 11 |
| W. R. GRACE & CO., et al., | ) ) | Case No. 01-01139 Jointly Administered |
| Debtors. | ) ) ) ) ) ) ) | Related to:  Doc. No. 10014, Motion of Anderson Memorial Hospital for Class Certification |

## MEMORANDUM OPINION[1]

Before the court is the Motion of Anderson Memorial Hospital ("Anderson Memorial")

for Class Certification.  The definition of the class requested in this case specifically excludes

schools, colleges, government buildings and claimants represented by other counsel.  (Transcript

of 7/5/07 at 176, 11, Doc. No. 16422.)  Specifically, the motion states:

> Anderson seeks to certify an opt-out class action on behalf of itself
> and the class of other property owners whose buildings were, are
> or will be contaminated with asbestos fibers released from
> asbestos-containing surfacing materials for which the Debtors are
> legally responsible including, but not limited to, those claims
> identified in Exhibit A.[2]  The class would explicitly exclude any
> building for which a property damage claim is currently pending in
> this bankruptcy not listed on Exhibit A.

---

[1]This Memorandum Opinion constitutes the court's findings of fact and conclusions of
law.

[2]The reference is to Exhibit A to Doc. No. 10014, Motion of Anderson Memorial
Hospital for Class Certification.

Motion of Anderson Memorial Hospital for Class Certification, Doc. No. 10014, at 2.[3]  The

requested class is to be an opt-out class and includes South Carolina building owners and non-

South Carolina claimants whose buildings are allegedly contaminated with asbestos.

For the reasons which follow, we find that  Anderson Memorial has not satisfied the

numerosity requirement of Fed.R.Civ.P. 23(a), made applicable to bankruptcy proceedings by

Fed.R.Bankr.P. 7023(a), and we will deny the motion.

**Background**

The Debtors ("Grace") were involved in the manufacture of asbestos-containing

surfacing treatment from 1938 through 1978.  On December 23, 1992, Anderson Memorial,

represented by Speights & Runyan ("S&R"), filed a class action in a South Carolina state court

against Grace and a number of other former manufacturers of asbestos-containing surfacing

materials on behalf of certain building owners (hereafter "Anderson Memorial building

owners").  In 1994, the South Carolina Circuit Court issued an order striking out-of-state class

members from the Anderson Memorial Complaint based upon the South Carolina "Door Closing

Statute."  Thereafter, the South Carolina action proceeded only as to in-state buildings.

On February 9, 2001, in state court in South Carolina, S&R filed an "Emergency Petition

For a Rule to Show Cause Why a Conditional Class Should Not Be Certified Against W.R.

Grace."  The South Carolina court granted S&R's petition for emergency relief *ex parte*,

---

[3]Motion of Anderson Memorial Hospital for Class Certification, Doc. 10014, at 2.  The
introductory paragraph of the motion asks for certification of "a class action on behalf of
[Anderson Memorial Hospital] and other similarly situated property owners whose buildings
contain or used to contain the asbestos-containing surfacing materials for which the Debtors are
responsible including many of those for which Anderson, through its counsel, have filed proofs
of claim for in this bankruptcy." *Id.* at 1.

conditionally certifying the South Carolina class. In granting the petition, the court rejected any

notion that a final certification was inevitable, and clarified that the action had no precedential

value as to what the court would ultimately find, had absolutely no influential value, and was

issued only under exigent circumstances.[4]

Grace filed a voluntary petition in bankruptcy in this court on April 2, 2001. In a letter to

counsel dated May 7, 2001, the South Carolina judge directed counsel for Anderson Memorial

Hospital to draft an order to provide for certification of a class only as to three remaining

defendants and not as to Grace due to the bankruptcy stay applicable to Grace. Doc. No. 13186,

Appendix in Further Support of Debtors' Opposition to Anderson Memorial's Motion for Class

Certification, at Tab 5. The South Carolina court entered a final Order of Certification on June

29, 2001, which did not include Grace. *Id.* at Tab 6. Thus, there is no pre- or postpetition

Anderson Memorial class certified as to Grace. Moreover, the class, as certified against three

other defendants by the state court, applies only to buildings within the State of South Carolina.

On April 22, 2002, the Bankruptcy Court approved an extensive Notice Program and set

March 31, 2003, as the bar date for asbestos property damage claims. No one appealed the

order. In June of 2002, the Asbestos Property Damage Committee (hereafter "PD Committee"),

of which Daniel Speights of S&R is a member and co-chairman, filed a motion seeking

abatement of the requirement in the Bar Date Notice that counsel of record for asbestos property

damage claimants either (1) certify that they notified their clients of the bar date by transmitting

to them the proof of claim package or (2) give names and addresses to Grace so Grace could

notify them directly. *See* Doc. Nos. 2269, 2274. After a hearing, and over Grace's objection, the

---

[4]The exigency apparently was the imminent filing of Grace's bankruptcy.

PD Committee's request was granted. *See* Order at Doc. No. 2745. *See also* Doc. No. 2394,

Agenda for July 22, 2002; Doc. No. 2469 (docket notation of hearing held July 22, 2002);

Transcript of 7/22/02 hearing, Doc. No. 2503, at 98-105.

Over 4,000 individual property damage claims were filed before the expiration of the bar

date. S&R filed approximately 3,000 of those claims. These 3,000 claims included two class

proofs of claim.[5] *See, e.g.*, Transcript of January 26, 2006, Doc. No. 11707 at 59-60. As a result

S&R's withdrawal of claims, this court's expungement of other claims, S&R's lack of authority

to file claims on behalf of certain claimants, *see Mission Towers v. W.R. Grace*, 2007 WL

4333817 at *1 (D. Del. 2007), and the definition of "class" provided by Anderson Memorial

which excluded schools, colleges, certain governmental buildings and claimants represented by

counsel other than S&R, only that of Anderson Memorial, is for a South Carolina building. Doc.

No. 16540 at 6.[6]

**Rule 23(a)**

To obtain class certification the claimant must meet the elements of Fed.R.Civ.P. 23(a)

and (b), made applicable to bankruptcy cases by Fed.R.Bankr.P. 7023. Rule 23(a) requires (1)

numerosity, (2) commonality, (3) typicality, and (4) adequate representation as prerequisites to a

class action. If the requirements of Rule 23(a) are met, the claimant must meet one of the Rule

---

[5]At a hearing in February of 2002 this court directed that before any class proofs of claim were filed a motion to certify a class had to be filed. Transcript of 2/25/02, Doc. No. 1793, at 104, 107-08. Although Daniel Speights of S&R was present in court, *see id.* at 101, S&R filed two class proofs of claim, 9911 and 9914, on behalf of "worldwide" and "statewide" Anderson Memorial building owners. The motion to certify a class was not filed until October of 2005, over two and a half years past the bar date. Doc. No. 10014.

[6]Various orders and docket entries provide the history and details of withdrawals and expungement. *See generally* Doc. Nos. 10961, 11025, 11080, 11245, 16422, 16540.

4

23(b) standard before a class can be certified. With respect to Rule 23(a), we address only numerosity as we find that to be dispositive.[7] Anderson Memorial failed to meet the requirements of Rule 23.

Numerosity requires a finding that a class representative be appointed only if joinder of all members of the class would be impracticable. *In re First Interregional Equity Corp.,* 227 B.R. 358, 367 (Bankr.D.N.J. 1998); Fed.R.Civ.P. 23; Fed.R.Bankr.P. 9023. "Impracticability does not mean impossibility but only the difficulty or inconvenience of joining all members of the class." *Id.* at 367-68, *quoting Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D. 397, 406 (D.N.J. 1990). In this case, the property damage claim creditor universe is known because the notice of the bar date was so extensive (over 8700 property damage claimants were served and international publication notice was made)[8] there are not enough claims left to constitute a numerous base in the first place. Of the approximately 3,000 claims originally filed by S&R only 158[9] remained when these matters were briefed in August of 2007, over 80 of them were not part of the putative class, and only one was a South Carolina claim. *See* Debtors' Post-Hearing Brief in Opposition to Anderson Memorial's Class Certification Motion, Doc. No.

---

[7]Adequate representation is not at issue with respect to the class certification motion. With respect to commonality and typicality, we note that in the statute of limitations context S&R on behalf of its claimants has repeatedly asserted that until there is actual appreciable injury the statute of limitations does not begin to run. Assuming, without deciding, that the proposition is correct, for such a determination, essentially a building by building analysis would have to be made which weighs against a finding of common issues of fact.

[8]In addition to the known property damage claimants, actual notice went to approximately "200,000 known asbestos claimants." *Mission Towers v. W.R. Grace*, 2007 WL 4333817 at *1 (D. Del. 2007).

[9]This number has since been reduced substantially by additional disallowance proceedings and by settlements which have been approved or of which the court has been advised and that are in the process of documentation.

16540, at 17-18. If we follow the lead of the South Carolina court which limited class

certification to South Carolina buildings, there would be only one claimant. This court cannot

conclude that one claim satisfies the numerosity requirement. Even at 158 claims, the number is

certainly manageable in a bankruptcy context.

    Although the Anderson Memorial motion seeks to expand the class beyond buildings

located in South Carolina (provided that the claimants do not have other counsel or do not

involve government, schools or college buildings), we have been presented with no persuasive

authority or argument to show (1) how the bar date can or ought to be by-passed in this case so

that claimants who did not file a proof of claim by the bar date of March 31, 2003, could now

participate in a class proof of claim, a motion for which was filed over two years[10] after the bar

---

[10]We note it is now approximately five years after the bar date. We also note Anderson
Memorial's argument that the motion to certify could not be filed until Debtors objected to the
claim. *See In re Charter Co.*, 876 F.2d, 866, 874 (11th Cir. 1989), *cert. dismissed* 496 U.S. 944
(1990). In the context of this case, however, we find that argument to be wholly devoid of
merit. At a hearing in 2002 the necessity of and requirement for a class action was debated at
length. In an effort to address the issue in a timely manner which would advance the bankruptcy
case, the court ordered a motion to certify the class to be filed. *See* note 5, *supra*. *See also*
Transcript of 2/25/02, Doc. No. 1793. There is no time requirement stated within which Rule 23
must be invoked in a bankruptcy context. *In re Charter Co.*, 876 F.2d at 894. The court is
clearly able to set forth a process by which to adjudicate disputed issues and did so in this case.
Therefore, even if Grace had not filed an objection to claim, this court, in controlling its docket
and attempting to orchestrate an orderly process, ordered such a motion to be filed if anyone
intended to file a class proof of claim.
    We also note that there was no basis in this case for Anderson Memorial to assume that
Debtors would accept the class proof of claim, a factor which distinguishes this case from *In re
Charter Co.* 876 F.2d at 876 and n.13. Initially Attorney Speights said a motion to certify a
class did not need to be filed because the class had been certified against Grace in the South
Carolina action. Transcript of 2/25/02, Doc. No. 1793, at 53. He also said that he would not be
filing a class claim. *Id.* at 54. Later at that same hearing, *id.* at 97-98, this court directed that a
motion to certify a class be filed which would obviate the need to examine whether a class is
certified in state court. This court agreed with other courts that individual proofs of claim do not
need to be filed before a class proof of claim can be filed, thus overruling Grace's request for
(continued...)

date and three years after the court ordered a motion to be filed; (2) why the extensive notice

procedures already utilized in the case are insufficient or would be substantially enhanced by a

class certification and notice process; or (3) why any remaining claims cannot be timely

adjudicated through the property damage case management process already established and

working in this case.   Absent persuasive analysis on these points, with which we have not been

provided, and given the resolution of several thousand property damage claims without a class

claim, we do not find a basis for numerosity.  We find that the numerosity requirement is not met

and class certification is not warranted under Rule 23(a).

**Rule 23(b)**

Notwithstanding the fact that Rule 23(a) elements were not established by Anderson

Memorial, we will address Rule 23(b) requirements in order to further illustrate the impropriety

and inadvisability of certifying a class in this case.  If Rule 23(a) is met, the claimant must also

establish that one of the three elements of Rule 23(b) be met.  Rule 23(b) provides:

> An action may be maintained as a class action if the
> prerequisites of subdivision (a) are satisfied, and in addition:
>    (1) the prosecution of separate actions by or against individual
> members of the class would create a risk of
>       (A) inconsistent or varying adjudications with respect to
> individual members of the class which would establish
> incompatible standards of conduct for the party opposing the class,
> or

---

[10](...continued)
such a requirement, but directed that a motion to file a class proof of claim had to be filed. *See*
Transcript of 2/25/02, Doc. No. 1793, at 99-111. *See also In re First Interregional Equity Corp.*,
227 B.R. 358, 371 (Bankr.D.N.J. 1998)(court held that a requirement that a class be limited to
those who had filed individual claims was "illogical and contrary to most important class action
policy considerations")(citations omitted).  This order on the record occurred eleven months
before the March 2003 bar date.  No motion was filed until October of 2005, despite the fact that
Attorney Speights was in the courtroom when the oral order requiring the motion was issued.

(B) adjudications with respect to individual members of the
class which would as a practical matter be dispositive of the
interests of the other members not parties to the adjudications or
substantially impair or impede their ability to protect their
interests; or
(2) the party opposing the class has acted or refused to act on
grounds generally applicable to the class, thereby making
appropriate final injunctive relief or corresponding declaratory
relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to
the members of the class predominate over any questions affecting
only individual members, and that a class action is superior to
other available methods for the fair and efficient adjudication of
the controversy. The matters pertinent to the findings include: (A)
the interest of members of the class in individually controlling the
prosecution or defense of separate actions; (B) the extent and
nature of any litigation concerning the controversy already
commenced by or against members of the class; (C) the
desirability or undesirability of concentrating the litigation of the
claims in the particular forum; (D) the difficulties likely to be
encountered in the management of a class action.

That is, the claimant must show either that (1) prosecution of separate actions by or against

individual class members would create a risk of inconsistent adjudications which would establish

incompatible standards of conduct for the opposing party or which would be dispositive of the

interests of nonparties or would impair or impede the nonparties' ability to protect their interests,

(2) that the party opposing the class has acted or refused to act in a way "generally applicable to

the class" so that final relief with respect to the class as a whole is appropriate, or (3) the court

finds that questions of law or fact common to the class members predominate over questions

affecting only individual members and that a class action is a superior method for the "fair and

efficient adjudication of the controversy."

Regarding factors (1) and (2), there has been no showing of a risk of inconsistent

adjudications or that adjudications with respect to individual class members would be dispositive

8

of the interests of other claimants nor has Grace engaged in conduct in this case that would

make class relief appropriate. There have been objections to claims which have been vigorously

contested and claimants' rights have not been affected by the absence of a class action

mechanism.

Thus, the only relevant criterion is factor (3), whether a class action is a superior method

for "the fair and efficient adjudication of the controversy" with respect to the claims sought to be

included in the class action. *See In re Kaiser Group Intern., Inc.,* 278 B.R. 58, 67 (Bankr.D.Del.

2002). We find that it is not.

Anderson Memorial asserts that common issues exist such as whether (1) asbestos-

containing surfacing materials are hazardous, (2) asbestos fibers are released under foreseeable

uses, (3) Grace tested for fiber release potential, and (4) duties to building owners were owed or

breached. A class action format is not conducive to resolution of issues such as whether a Grace

product is in place in any claimant's building or whether a specific state's statute of limitations

has run[11] inasmuch as those questions cannot be resolved without reference to each claim or to

smaller sets of claims. Furthermore, a class action is not a superior method of resolving the

claims objections in this case. In fact, claims objections have been and continue to be addressed

on a claimant-by-claimant basis or in smaller groups of claims with related issues or facts, and

---

[11]The statute of limitations issues are *sub judice* regarding numerous claims and have
been adjudicated or otherwise resolved as to others.

9

few remain to be decided.[12]  Furthermore, the ultimate issue before us with respect to this motion

cannot be decided in a vacuum; i.e., without reference to the bar date.

Most of the claims, including the S&R claims, have already been addressed either by a

ruling by this or an appellate court, by settlement, or by S&R withdrawing claims.  Others are

pending decision by this court.[13] As to unfiled claims, the class action process sought by

Anderson Memorial would operate to negate the bar date.  A class action would provide certain

claimants with the opportunity to file late claims despite the bar date[14] and without having to

establish excusable neglect pursuant to *Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*

*Partnership*, 507 U.S. 380 (1993), and  would nullify the notice program which entailed

substantial effort and expense.  Under the notice program actual notice was given to known

---

[12]In its motion Anderson Memorial asserted that a class action is a superior method
because Grace failed to give individual notice of the bar date to claimants which it knew had
Grace asbestos-containing products in their buildings.  This was addressed (and rejected) by the
District Court for the District of Delaware in *Mission Towers v. Grace*, 2007 WL 43332817
(D.Del. 2007).

[13]The exact number changes as matters are resolved.  Recently, the court has been
advised that additional property damage  claims have settled.  Still others remain in mediation or
are to be scheduled for mediation.

[14]The District Court for the District of Delaware found the notice program sufficient and
stated that a debtor does not have to "search out each conceivable or possible creditor and urge
that person or entity to make a claim against it." *Mission Towers v. Grace*, 2007 WL 43332817
(D.Del. 2007), *quoting Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995), *cert. denied*
517 U.S. 1137 (1996).  Certifying a class in this instance would have the effect of overriding the
decision of the District Court in *Mission Towers v. Grace* where the court noted that counsel for
claimants, including S&R, had the responsibility for notifying their clients of the bar date and
had the responsibility for notifying Grace of additional creditors known to counsel but not to
Grace. *Mission Towers, supra*, at *8.

property damage claimants and publication notice was extensive. *See Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007)(court found notice under the notice program sufficient).[15]

Additionally, the motion for class certification proposes an opt-out election which, although required to satisfy due process concerns where individual damages are involved, would defeat the purpose of certifying a class in the context of this case. That is, a claimant who did not file a timely claim but who would be a member of the class if certified could opt out of the class and then assert an independent late claim, thereby effecting another end run around the bar date. In that respect, class certification would adversely affect the bankruptcy proceedings by permitting those who missed the bar date and who received at least publication notice to interpose claims into this case, without establishing the excusable neglect standard expressed in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). *See generally In re Musicland Holding Corp.*, 362 B.R. 644 (Bankr.S.D.N.Y.2007). Furthermore,

---

[15]*See also* Doc. No. 1665, Debtors' Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and of the Notice Program. That motion laid out the terms of the Notice Program and provided, with respect to unknown claimants, that notice would be provided to them in the following ways:

> by publication notice . . . . Upon entry of the Bar Date Order, Debtors will implement a comprehensive publication notice program that will include providing notice to areas where claims have arisen or where potential claimants may now be located including: (i) the entire United States of America; (ii) Canada; (iii) Guam; (iv) Puerto Rico; and (v) the U.S. Virgin Islands. Publication notice will be disseminated using the following forms: (a) newspapers; (b) magazines; (c) trade and professional publications; (d) television (network and cable); and (e) web sites.

*See* Doc. No. 1960, Claims Bar Date Notice Order dated April 22, 2002. The Notice Program that was approved did not include television ads.

certifying the class as a world-wide class would substantially alter the South Carolina state court order which excluded non-South Carolina claims.

We also note that certifying a class could result in inclusion of claims that S&R has been adjudicated to have had no authority to file. *Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007).

Finally, certification of the class would needlessly prolong this case which was filed nearly seven years ago and which has been hard fought every step of the way by all constituent bodies. The remaining property damage claims that were timely filed and subject to objections are pending before this court for resolution and decisions will issue in the near future. The property damage issues have been litigated since 2002, starting with the bar date notice litigation, and it is time to put them to rest in the most efficient way possible. In this case, that course is not through a class proof of claim process which was sought in an untimely fashion despite a direct order of this court, which would defeat the bar date, to the detriment of the Debtors' estates and all other creditors, and which would effectively authorize S&R to file claims on behalf of those for whom it was determined to have had no authority. *Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007),

An appropriate order will be entered.*

DATE: May 29, 2008

*Judith K. Fitzgerald*
jmd

Judith K. Fitzgerald
United States Bankruptcy Judge

\* In the event the following list does not include all who should receive notice, Debtors shall serve the additional parties in interest.

12

cc:    David M. Bernick
       Janet S. Baer
       Kirkland & Ellis LLP
       200 East Randolph Drive
       Chicago, IL  60601

       Laura Davis Jones
       James E. O'Neill
       Pachulski Stang Ziehl & Jones
       919 North Market Street, 17th Floor
       PO Box 8705
       Wilmington, DE  19899-8705

       James J. Restivo
       Reed Smith LLP
       435 Sixth Avenue
       Pittsburgh, PA  15219

       Derrick C. Tay
       Ogilvy Renault LLP
       Suite 3800, PO Box 84
       Royal Bank Plaza, South Tower
       200 Bay Street
       Toronto, Ontario, CANADA
       M5J 2Z4

       Daniel A. Speights
       Speights & Runyan
       200 Jackson Avenue East
       Hampton, SC  29924

       Richard Levy, Jr.
       Prior Cashman LLP
       410 Park Avenue
       New York, NY  10022-4441

       Sander L. Esserman
       Van J. Hooker
       Stutzman Bromberg Esserman & Plifka PC
       2323 Bryan Street, Suite 2200
       Dallas, TX  75201

Christopher D. Loizides
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE  19801

Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
PO Box 2087
Wilmington, DE  19801

Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110

Mark R. Hurford
Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE  19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

14

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709

Edward C. Toole, Jr.
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witneyer
    & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE  19801

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
    & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

John C. Phillips, Jr.
Philips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19801

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

Roger Frankel
Richard H. Wyron
Orrick Harrington & Sutcliffe LLP
The Washington Harbour
3050 K Street, NW
Washington, DC  20007-5135

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

16

Michael J. Hanners
Silver Pearlman, LLP
3102 Oak Lawn Avenue, Suite 400
Dallas, TX  75219-6403

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, PO Box 8705
Dallas, TX  75219

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Road
Baltimore, MD  21214

William S. Katchen
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

Scott Wert
Foster & Sear, LLP
524 E. Lamar Blvd., Suite 200
Arlington, TX  76011

Colin D. Moore
Provost & Humphrey Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

Scott Baena
Bilzin Sumberg Dunn Baena Price
   & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Frederick Jekel
Motley Rice LLC
28 Bridge side Blvd.
PO Box 1792
Mt. Pleasant, SC  29465

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
   Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

Jeffrey L. Glazer
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182

Theodore J. Tacconelli
Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
PO Box 1351
Wilmington, DE  19899

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related to: DN 10014, 11245, 11547, 16540 |
| | ) | |
| | ) | |

### ORDER OF COURT DENYING WITH PREJUDICE MOTION OF
### ANDERSON MEMORIAL HOSPITAL FOR CLASS CERTIFICATION

**AND NOW**, this 29th day of May, 2008, for the reasons stated in the foregoing

Memorandum Opinion, it is hereby **ORDERED** that the Motion of Anderson Memorial Hospital

for Class Certification is **DENIED with prejudice**.

It is **FURTHER ORDERED** that in the event the following list does not include all who

should receive notice of the entry of the foregoing Memorandum Opinion an this Order, Debtors

shall serve the additional parties in interest.

*Judith K. Fitzgerald*                    jmd
Judith K. Fitzgerald
United States Bankruptcy Judge

cc:    David M. Bernick
       Janet S. Baer
       Kirkland & Ellis LLP
       200 East Randolph Drive
       Chicago, IL  60601

1

Laura Davis Jones
James E. O'Neill
Pachulski Stang Ziehl & Jones
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, DE  19899-8705

James J. Restivo
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Derrick C. Tay
Ogilvy Renault LLP
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario, CANADA
M5J 2Z4

Daniel A. Speights
Speights & Runyan
200 Jackson Avenue East
Hampton, SC  29924

Richard Levy, Jr.
Prior Cashman LLP
410 Park Avenue
New York, NY  10022-4441

Sander L. Esserman
Van J. Hooker
Stutzman Bromberg Esserman & Plifka PC
2323 Bryan Street, Suite 2200
Dallas, TX  75201

Christopher D. Loizides
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE  19801

2

Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
PO Box 2087
Wilmington, DE  19801

Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110

Mark R. Hurford
Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE  19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709

3

Edward C. Toole, Jr.
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witneyer
    & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE  19801

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
    & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

John C. Phillips, Jr.

Philips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19801

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

Roger Frankel
Richard H. Wyron
Orrick Harrington & Sutcliffe LLP
The Washington Harbour
3050 K Street, NW
Washington, DC  20007-5135

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

Michael J. Hanners
Silver Pearlman, LLP
3102 Oak Lawn Avenue, Suite 400
Dallas, TX  75219-6403

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, PO Box 8705
Dallas, TX  75219

Peter Van N. Rockwood

5

Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Road
Baltimore, MD  21214

William S. Katchen
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

Scott Wert
Foster & Sear, LLP
524 E. Lamar Blvd., Suite 200
Arlington, TX  76011

Colin D. Moore
Provost & Humphrey Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

Scott Baena
Bilzin Sumberg Dunn Baena Price
    & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Frederick Jekel
Motley Rice LLC
28 Bridge side Blvd.
PO Box 1792
Mt. Pleasant, SC  29465

6

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE 19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
    Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE 19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

Jeffrey L. Glazer
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

Theodore J. Tacconelli
Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
PO Box 1351
Wilmington, DE  19899

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| _____ | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | Related to:  Doc. No. 10014, Motion of |
|  | ) | Anderson Memorial Hospital for Class |
|  | ) | Certification |
|  | ) |  |
| _____ | ) |  |

### MEMORANDUM OPINION[1]

Before the court is the Motion of Anderson Memorial Hospital ("Anderson Memorial")

for Class Certification.  The definition of the class requested in this case specifically excludes

schools, colleges, government buildings and claimants represented by other counsel.  (Transcript

of 7/5/07 at 176, 11, Doc. No. 16422.)  Specifically, the motion states:

> Anderson seeks to certify an opt-out class action on behalf of itself
> and the class of other property owners whose buildings were, are
> or will be contaminated with asbestos fibers released from
> asbestos-containing surfacing materials for which the Debtors are
> legally responsible including, but not limited to, those claims
> identified in Exhibit A.[2]  The class would explicitly exclude any
> building for which a property damage claim is currently pending in
> this bankruptcy not listed on Exhibit A.

---

[1]This Memorandum Opinion constitutes the court's findings of fact and conclusions of
law.

[2]The reference is to Exhibit A to Doc. No. 10014, Motion of Anderson Memorial
Hospital for Class Certification.

Motion of Anderson Memorial Hospital for Class Certification, Doc. No. 10014, at 2.[3]  The

requested class is to be an opt-out class and includes South Carolina building owners and non-

South Carolina claimants whose buildings are allegedly contaminated with asbestos.

     For the reasons which follow, we find that  Anderson Memorial has not satisfied the

numerosity requirement of Fed.R.Civ.P. 23(a), made applicable to bankruptcy proceedings by

Fed.R.Bankr.P. 7023(a), and we will deny the motion.

**<u>Background</u>**

     The Debtors ("Grace") were involved in the manufacture of asbestos-containing

surfacing treatment from 1938 through 1978.  On December 23, 1992, Anderson Memorial,

represented by Speights & Runyan ("S&R"), filed a class action in a South Carolina state court

against Grace and a number of other former manufacturers of asbestos-containing surfacing

materials on behalf of certain building owners (hereafter "Anderson Memorial building

owners").  In 1994, the South Carolina Circuit Court issued an order striking out-of-state class

members from the Anderson Memorial Complaint based upon the South Carolina "Door Closing

Statute."  Thereafter, the South Carolina action proceeded only as to in-state buildings.

     On February 9, 2001, in state court in South Carolina, S&R filed an "Emergency Petition

For a Rule to Show Cause Why a Conditional Class Should Not Be Certified Against W.R.

Grace."  The South Carolina court granted S&R's petition for emergency relief *ex parte*,

---

    [3]Motion of Anderson Memorial Hospital for Class Certification, Doc. 10014, at 2.  The introductory paragraph of the motion asks for certification of "a class action on behalf of [Anderson Memorial Hospital] and other similarly situated property owners whose buildings contain or used to contain the asbestos-containing surfacing materials for which the Debtors are responsible including many of those for which Anderson, through its counsel, have filed proofs of claim for in this bankruptcy."  *Id.* at 1.

conditionally certifying the South Carolina class. In granting the petition, the court rejected any notion that a final certification was inevitable, and clarified that the action had no precedential value as to what the court would ultimately find, had absolutely no influential value, and was issued only under exigent circumstances.[4]

Grace filed a voluntary petition in bankruptcy in this court on April 2, 2001. In a letter to counsel dated May 7, 2001, the South Carolina judge directed counsel for Anderson Memorial Hospital to draft an order to provide for certification of a class only as to three remaining defendants and not as to Grace due to the bankruptcy stay applicable to Grace. Doc. No. 13186, Appendix in Further Support of Debtors' Opposition to Anderson Memorial's Motion for Class Certification, at Tab 5. The South Carolina court entered a final Order of Certification on June 29, 2001, which did not include Grace. *Id*. at Tab 6. Thus, there is no pre- or postpetition Anderson Memorial class certified as to Grace. Moreover, the class, as certified against three other defendants by the state court, applies only to buildings within the State of South Carolina.

On April 22, 2002, the Bankruptcy Court approved an extensive Notice Program and set March 31, 2003, as the bar date for asbestos property damage claims. No one appealed the order. In June of 2002, the Asbestos Property Damage Committee (hereafter "PD Committee"), of which Daniel Speights of S&R is a member and co-chairman, filed a motion seeking abatement of the requirement in the Bar Date Notice that counsel of record for asbestos property damage claimants either (1) certify that they notified their clients of the bar date by transmitting to them the proof of claim package or (2) give names and addresses to Grace so Grace could notify them directly. *See* Doc. Nos. 2269, 2274. After a hearing, and over Grace's objection, the

---

[4]The exigency apparently was the imminent filing of Grace's bankruptcy.

3

PD Committee's request was granted.  *See* Order at Doc. No. 2745.  *See also* Doc. No. 2394,

Agenda for July 22, 2002; Doc. No. 2469 (docket notation of hearing held July 22, 2002);

Transcript of 7/22/02 hearing, Doc. No. 2503, at 98-105.

Over 4,000 individual property damage claims were filed before the expiration of the bar

date.  S&R filed approximately 3,000 of those claims. These 3,000 claims included two class

proofs of claim.[5]  *See, e.g.*, Transcript of January 26, 2006, Doc. No. 11707 at 59-60.  As a result

S&R's withdrawal of claims, this court's expungement of other claims, S&R's lack of authority

to file claims on behalf of certain claimants, *see Mission Towers v. W.R. Grace*, 2007 WL

4333817 at *1 (D. Del. 2007), and the definition of "class" provided by Anderson Memorial

which excluded schools, colleges, certain governmental buildings and claimants represented by

counsel other than S&R, only that of Anderson Memorial, is for a South Carolina building.  Doc.

No. 16540 at 6.[6]

**Rule 23(a)**

To obtain class certification the claimant must meet the elements of Fed.R.Civ.P. 23(a)

and (b), made applicable to bankruptcy cases by Fed.R.Bankr.P. 7023.  Rule 23(a) requires (1)

numerosity, (2) commonality, (3) typicality, and (4) adequate representation as prerequisites to a

class action.  If the requirements of Rule 23(a) are met, the claimant must meet one of the Rule

---

[5]At a hearing in February of 2002 this court directed that before any class proofs of claim were filed a motion to certify a class had to be filed.  Transcript of 2/25/02, Doc. No. 1793, at 104, 107-08.  Although Daniel Speights of S&R was present in court, *see id.* at 101, S&R filed two class proofs of claim, 9911 and 9914, on behalf of "worldwide" and "statewide" Anderson Memorial building owners.  The motion to certify a class was not filed until October of 2005, over two and a half years past the bar date.   Doc. No. 10014.

[6]Various orders and docket entries provide the history and details of withdrawals and expungement.  *See generally* Doc. Nos. 10961, 11025, 11080, 11245, 16422, 16540.

4

23(b) standard  before a class can be certified.  With respect to Rule 23(a), we address only

numerosity as we find that to be dispositive.[7]  Anderson Memorial failed to meet the

requirements of Rule 23.

Numerosity requires a finding that a class representative be appointed only if joinder of

all members of the class would be impracticable.  *In re First Interregional Equity Corp.,* 227

B.R. 358, 367 (Bankr.D.N.J. 1998); Fed.R.Civ.P. 23; Fed.R.Bankr.P. 9023.  "Impracticability

does not mean impossibility but only the difficulty or inconvenience of joining all members of

the class."  *Id.* at 367-68, *quoting  Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D. 397, 406

(D.N.J. 1990).  In this case, the property damage claim creditor universe is known because the

notice of the bar date was so extensive (over 8700 property damage claimants were served and

international publication notice was made)[8] there are not enough claims left to constitute a

numerous base in the first place.  Of the approximately 3,000 claims originally filed by S&R

only 158[9] remained when these matters were briefed in August of 2007, over 80 of them were

not part of the putative class, and only one was a South Carolina claim.  *See* Debtors' Post-

Hearing Brief in Opposition to Anderson Memorial's Class Certification Motion, Doc. No.

---

[7]Adequate representation is not at issue with respect to the class certification motion. With respect to commonality and typicality, we note that in the statute of limitations context S&R on behalf of its claimants has repeatedly asserted that until there is actual appreciable injury the statute of limitations does not begin to run.  Assuming, without deciding, that the proposition is correct, for such a determination, essentially a building by building analysis would have to be made which weighs against a finding of common issues of fact.

[8]In addition to the known property damage claimants, actual notice went to approximately "200,000 known asbestos claimants."  *Mission Towers v. W.R. Grace*, 2007 WL 4333817 at *1 (D. Del. 2007).

[9]This number has since been reduced substantially by additional disallowance proceedings and by settlements which have been approved or of which the court has been advised and that are in the process of documentation.

16540, at 17-18.  If we follow the lead of the South Carolina court which limited class

certification to South Carolina buildings, there would be only one claimant.  This court cannot

conclude that one claim satisfies the numerosity requirement.  Even at 158 claims, the number is

certainly manageable in a bankruptcy context.

Although the Anderson Memorial  motion seeks to expand the class beyond buildings

located in South Carolina (provided that the claimants do not have other counsel or do not

involve government, schools or college buildings), we have been presented with no persuasive

authority or argument to show (1) how the bar date can or ought to be by-passed in this case so

that claimants who did not file a proof of claim by the bar date of March 31, 2003, could now

participate in a class proof of claim, a motion for which was filed over two years[10] after the bar

_____

[10]We note it is now approximately five years after the bar date.  We also note Anderson
Memorial's argument that the motion to certify could not be filed until Debtors objected to the
claim.  *See In re Charter Co.,* 876 F.2d, 866, 874 (11th Cir. 1989), *cert. dismissed* 496 U.S. 944
(1990).   In the context of this case, however, we find that argument to be wholly devoid of
merit.  At a hearing in 2002 the necessity of and requirement for a class action was debated at
length.   In an effort to address the issue in a timely manner which would advance the bankruptcy
case,  the court ordered a motion to certify the class to be filed.  *See* note 5, *supra*.  *See also*
Transcript of 2/25/02, Doc. No. 1793.  There is no time requirement stated within which Rule 23
must be invoked in a bankruptcy context.   *In re Charter Co.,* 876 F.2d at 894.  The court is
clearly able to set forth a process by which to adjudicate disputed issues and did so in this case.
Therefore, even if Grace had not filed an objection to claim, this court, in controlling its docket
and attempting to orchestrate an orderly process, ordered such a motion to be filed if anyone
intended to file a class proof of claim.
We also note that there was no basis in this case for Anderson Memorial to assume that
Debtors would accept the class proof of claim, a factor which distinguishes this case from *In re
Charter Co.*  876 F.2d at 876 and n.13.  Initially Attorney Speights said  a motion to certify a
class did not need to be filed because the class had been certified against Grace in the South
Carolina action.  Transcript of 2/25/02, Doc. No. 1793, at 53.  He also said that he would not be
filing a class claim.  *Id*. at 54.  Later at that same hearing, *id*. at 97-98, this court directed that a
motion to certify a class be filed which would obviate the need to examine whether a class was
certified in state court.  This court agreed with other courts that individual proofs of claim do not
need to be filed before a class proof of claim can be filed, thus overruling Grace's request for

(continued...)

date and three years after the court ordered a motion to be filed; (2) why the extensive notice

procedures already utilized in the case are insufficient or would be substantially enhanced by a

class certification and notice process; or (3) why any remaining claims cannot be timely

adjudicated through the property damage case management process already established and

working in this case.   Absent persuasive analysis on these points, with which we have not been

provided, and given the resolution of several thousand property damage claims without a class

claim, we do not find a basis for numerosity.  We find that the numerosity requirement is not met

and class certification is not warranted under Rule 23(a).

**Rule 23(b)**

Notwithstanding the fact that Rule 23(a) elements were not established by Anderson

Memorial, we will address Rule 23(b) requirements in order to further illustrate the impropriety

and inadvisability of certifying a class in this case.  If Rule 23(a) is met, the claimant must also

establish that one of the three elements of Rule 23(b) be met.  Rule 23(b) provides:

> An action may be maintained as a class action if the
> prerequisites of subdivision (a) are satisfied, and in addition:
>     (1) the prosecution of separate actions by or against individual
> members of the class would create a risk of
>         (A) inconsistent or varying adjudications with respect to
> individual members of the class which would establish
> incompatible standards of conduct for the party opposing the class,
> or

---

[10](...continued)
such a requirement,  but directed that a motion to file a class proof of claim had to be filed.  *See*
Transcript of 2/25/02, Doc. No. 1793, at 99-111.  *See also In re First Interregional Equity Corp.*,
227 B.R. 358, 371 (Bankr.D.N.J. 1998)(court held that a requirement that a class be limited to
those who had filed individual claims was "illogical and contrary to most important class action
policy considerations")(citations omitted).  This order on the record occurred eleven  months
before the March 2003 bar date.  No motion was filed until October of 2005, despite the fact that
Attorney Speights was in the courtroom when the oral order requiring the motion was issued.

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include:  (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

That is, the claimant must show either that (1) prosecution of separate actions by or against individual class members would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for the opposing party or which would be dispositive of the interests of nonparties or would impair or impede the nonparties' ability to protect their interests, (2) that the party opposing the class has acted or refused to act in a way "generally applicable to the class" so that final relief with respect to the class as a whole is appropriate, or (3) the court finds that questions of law or fact common to the class members predominate over questions affecting only individual members and that a class action is a superior method for the "fair and efficient adjudication of the controversy."

Regarding factors (1) and (2), there has been no showing of a risk of inconsistent adjudications or that adjudications with respect to individual class members would be dispositive

8

of the interests of other claimants nor has Grace engaged in conduct in this case that would

make class relief appropriate. There have been objections to claims which have been vigorously

contested and claimants' rights have not been affected by the absence of a class action

mechanism.

Thus, the only relevant criterion is factor (3), whether a class action is a superior method

for "the fair and efficient adjudication of the controversy" with respect to the claims sought to be

included in the class action. *See In re Kaiser Group Intern., Inc.,* 278 B.R. 58, 67 (Bankr.D.Del.

2002). We find that it is not.

Anderson Memorial asserts that common issues exist such as whether (1) asbestos-

containing surfacing materials are hazardous, (2) asbestos fibers are released under foreseeable

uses, (3) Grace tested for fiber release potential, and (4) duties to building owners were owed or

breached. A class action format is not conducive to resolution of issues such as whether a Grace

product is in place in any claimant's building or whether a specific state's statute of limitations

has run[11] inasmuch as those questions cannot be resolved without reference to each claim or to

smaller sets of claims. Furthermore, a class action is not a superior method of resolving the

claims objections in this case. In fact, claims objections have been and continue to be addressed

on a claimant-by-claimant basis or in smaller groups of claims with related issues or facts, and

---

[11]The statute of limitations issues are *sub judice* regarding numerous claims and have
been adjudicated or otherwise resolved as to others.

few remain to be decided.[12]  Furthermore, the ultimate issue before us with respect to this motion cannot be decided in a vacuum; i.e., without reference to the bar date.

Most of the claims, including the S&R claims, have already been addressed either by a ruling by this or an appellate court, by settlement, or by S&R withdrawing claims.  Others are pending decision by this court.[13] As to unfiled claims, the class action process sought by Anderson Memorial would operate to negate the bar date.  A class action would provide certain claimants with the opportunity to file late claims despite the bar date[14] and without having to establish excusable neglect pursuant to *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), and  would nullify the notice program which entailed substantial effort and expense.  Under the notice program actual notice was given to known

---

[12]In its motion Anderson Memorial asserted that a class action is a superior method because Grace failed to give individual notice of the bar date to claimants which it knew had Grace asbestos-containing products in their buildings.  This was addressed (and rejected) by the District Court for the District of Delaware in *Mission Towers v. Grace*, 2007 WL 43332817 (D.Del. 2007).

[13]The exact number changes as matters are resolved.  Recently, the court has been advised that additional property damage  claims have settled.  Still others remain in mediation or are to be scheduled for mediation.

[14]The District Court for the District of Delaware found the notice program sufficient and stated that a debtor does not have to "search out each conceivable or possible creditor and urge that person or entity to make a claim against it."  *Mission Towers v. Grace*, 2007 WL 43332817 (D.Del. 2007), *quoting Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995), *cert. denied* 517 U.S. 1137 (1996).  Certifying a class in this instance would have the effect of overriding the decision of the District Court in *Mission Towers v. Grace* where the court noted that counsel for claimants, including S&R, had the responsibility for notifying their clients of the bar date and had the responsibility for notifying Grace of additional creditors known to counsel but not to Grace.  *Mission Towers, supra,* at *8.

property damage claimants and publication notice was extensive. *See Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007)(court found notice under the notice program sufficient).[15]

Additionally, the motion for class certification proposes an opt-out election which, although required to satisfy due process concerns where individual damages are involved, would defeat the purpose of certifying a class in the context of this case. That is, a claimant who did not file a timely claim but who would be a member of the class if certified could opt out of the class and then assert an independent late claim, thereby effecting another end run around the bar date. In that respect, class certification would adversely affect the bankruptcy proceedings by permitting those who missed the bar date and who received at least publication notice to interpose claims into this case, without establishing the excusable neglect standard expressed in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). *See generally In re Musicland Holding Corp.*, 362 B.R. 644 (Bankr.S.D.N.Y.2007). Furthermore,

---

[15]*See also* Doc. No. 1665, Debtors' Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and of the Notice Program. That motion laid out the terms of the Notice Program and provided, with respect to unknown claimants, that notice would be provided to them in the following ways:

> by publication notice . . . . Upon entry of the Bar Date Order,
> Debtors will implement a comprehensive publication notice
> program that will include providing notice to areas where claims
> have arisen or where potential claimants may now be located
> including: (i) the entire United States of America; (ii) Canada; (iii)
> Guam; (iv) Puerto Rico; and (v) the U.S. Virgin Islands.
> Publication notice will be disseminated using the following forms:
> (a) newspapers; (b) magazines; (c) trade and professional
> publications; (d) television (network and cable); and (e) web sites.

*See* Doc. No. 1960, Claims Bar Date Notice Order dated April 22, 2002. The Notice Program that was approved did not include television ads.

certifying the class as a world-wide class would substantially alter the South Carolina state court order which excluded non-South Carolina claims.

We also note that certifying a class could result in inclusion of claims that S&R has been adjudicated to have had no authority to file. *Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007).

Finally, certification of the class would needlessly prolong this case which was filed nearly seven years ago and which has been hard fought every step of the way by all constituent bodies. The remaining property damage claims that were timely filed and subject to objections are pending before this court for resolution and decisions will issue in the near future. The property damage issues have been litigated since 2002, starting with the bar date notice litigation, and it is time to put them to rest in the most efficient way possible. In this case, that course is not through a class proof of claim process which was sought in an untimely fashion despite a direct order of this court, which would defeat the bar date, to the detriment of the Debtors' estates and all other creditors, and which would effectively authorize S&R to file claims on behalf of those for whom it was determined to have had no authority. *Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007),

An appropriate order will be entered.*

DATE: May 29, 2008

Judith K. Fitzgerald
United States Bankruptcy Judge

* In the event the following list does not include all who should receive notice, Debtors shall serve the additional parties in interest.

12

cc:    David M. Bernick
       Janet S. Baer
       Kirkland & Ellis LLP
       200 East Randolph Drive
       Chicago, IL  60601

       Laura Davis Jones
       James E. O'Neill
       Pachulski Stang Ziehl & Jones
       919 North Market Street, 17th Floor
       PO Box 8705
       Wilmington, DE  19899-8705

       James J. Restivo
       Reed Smith LLP
       435 Sixth Avenue
       Pittsburgh, PA  15219

       Derrick C. Tay
       Ogilvy Renault LLP
       Suite 3800, PO Box 84
       Royal Bank Plaza, South Tower
       200 Bay Street
       Toronto, Ontario, CANADA
       M5J 2Z4

       Daniel A. Speights
       Speights & Runyan
       200 Jackson Avenue East
       Hampton, SC  29924

       Richard Levy, Jr.
       Prior Cashman LLP
       410 Park Avenue
       New York, NY  10022-4441

       Sander L. Esserman
       Van J. Hooker
       Stutzman Bromberg Esserman & Plifka PC
       2323 Bryan Street, Suite 2200
       Dallas, TX  75201

Christopher D. Loizides
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE  19801

Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
PO Box 2087
Wilmington, DE  19801

Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110

Mark R. Hurford
Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE  19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709

Edward C. Toole, Jr.
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witneyer
     & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE  19801

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
     & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

John C. Phillips, Jr.
Philips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19801

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

Roger Frankel
Richard H. Wyron
Orrick Harrington & Sutcliffe LLP
The Washington Harbour
3050 K Street, NW
Washington, DC  20007-5135

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

16

Michael J. Hanners
Silver Pearlman, LLP
3102 Oak Lawn Avenue, Suite 400
Dallas, TX  75219-6403

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, PO Box 8705
Dallas, TX  75219

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Road
Baltimore, MD  21214

William S. Katchen
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

Scott Wert
Foster & Sear, LLP
524 E. Lamar Blvd., Suite 200
Arlington, TX  76011

Colin D. Moore
Provost & Humphrey Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

Scott Baena
Bilzin Sumberg Dunn Baena Price
   & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Frederick Jekel
Motley Rice LLC
28 Bridge side Blvd.
PO Box 1792
Mt. Pleasant, SC  29465

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
   Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

Jeffrey L. Glazer
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182

Theodore J. Tacconelli
Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
PO Box 1351
Wilmington, DE  19899

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

1       **IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

———————————————————— )
                                                              )
In re:                                                   )       Chapter 11
                                                              )
W. R. GRACE & CO., et al.,              )       Case No. 01-01139
                                                              )       Jointly Administered
               Debtors.                            )
                                                              )       Related to: DN 10014, 11245, 11547, 16540
                                                              )
———————————————————— )

**ORDER OF COURT DENYING WITH PREJUDICE MOTION OF
ANDERSON MEMORIAL HOSPITAL FOR CLASS CERTIFICATION**

**AND NOW**, this 29th day of May,  2008, for the reasons stated in the foregoing

Memorandum Opinion, it is hereby **ORDERED** that the Motion of Anderson Memorial Hospital

for Class Certification is **DENIED with prejudice**.

It is **FURTHER ORDERED** that in the event the following list does not include all who

should receive notice of the entry of the foregoing Memorandum Opinion an this Order,  Debtors

shall serve the additional parties in interest.

*Judith K. Fitzgerald*                                         **jmd**

Judith K. Fitzgerald
United States Bankruptcy Judge

cc:    David M. Bernick
          Janet S. Baer
          Kirkland & Ellis LLP
          200 East Randolph Drive
          Chicago, IL  60601

1

Laura Davis Jones
James E. O'Neill
Pachulski Stang Ziehl & Jones
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, DE  19899-8705

James J. Restivo
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Derrick C. Tay
Ogilvy Renault LLP
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario, CANADA
M5J 2Z4

Daniel A. Speights
Speights & Runyan
200 Jackson Avenue East
Hampton, SC  29924

Richard Levy, Jr.
Prior Cashman LLP
410 Park Avenue
New York, NY  10022-4441

Sander L. Esserman
Van J. Hooker
Stutzman Bromberg Esserman & Plifka PC
2323 Bryan Street, Suite 2200
Dallas, TX  75201

Christopher D. Loizides
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE  19801

Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
PO Box 2087
Wilmington, DE  19801

Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110

Mark R. Hurford
Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE  19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709

Edward C. Toole, Jr.
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witneyer
    & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE  19801

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
    & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

John C. Phillips, Jr.

4

Philips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19801

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

Roger Frankel
Richard H. Wyron
Orrick Harrington & Sutcliffe LLP
The Washington Harbour
3050 K Street, NW
Washington, DC  20007-5135

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

Michael J. Hanners
Silver Pearlman, LLP
3102 Oak Lawn Avenue, Suite 400
Dallas, TX  75219-6403

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, PO Box 8705
Dallas, TX  75219

Peter Van N. Rockwood

5

Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Road
Baltimore, MD  21214

William S. Katchen
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

Scott Wert
Foster & Sear, LLP
524 E. Lamar Blvd., Suite 200
Arlington, TX  76011

Colin D. Moore
Provost & Humphrey Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

Scott Baena
Bilzin Sumberg Dunn Baena Price
    & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Frederick Jekel
Motley Rice LLC
28 Bridge side Blvd.
PO Box 1792
Mt. Pleasant, SC  29465

6

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
    Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

Jeffrey L. Glazer
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182

Theodore J. Tacconelli
Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
PO Box 1351
Wilmington, DE  19899

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

Clerk of the Court
824 Market Street
Wilmington  DE  19801
(302) 252-2900


Date:  **June 20, 2008**

To:     District of Delaware
        U. S. Courthouse - 844 King Street
        Wilmington  DE  19801

Re:     **WR Grace**
        Case 01-1139
        Appeal BAP #08-39

<u>**AMENDED**</u>

Enclosed please find the:      **Notice of Appeal docket #18895**,
                               **Memorandum Opinion docket #18821**
                        *      **Brief in Opposition docket #18962**
Anerson Memorial Hospital: **Motion to Leave docket #18896**


__X__ Filing fee paid on <u>6/10/08</u>     <u>receipt #3322684</u>
_____ Filing fee not paid
Please acknowledge receipt on the copy provided.


                              Sincerely,
                              ___/s/_____
                              Betsy Magnuson
                              Deputy Clerk, U.S. Bankruptcy Court



I hereby acknowledge receipt of the above Record on Appeal this _____ day of_____,
2007.

By:_____
       Deputy Clerk, U.S. District Court

## TRANSMITTAL SHEET FOR APPEAL SUBMITTED TO U.S. DISTRICT COURT

**WR Grace 01-1139**
Deputy Clerk Transferring Case: Betsy Magnuson (302) 252-2900 X5114
Case Type: Appeal **BAP 08-39**

**Appellant's
Counsel**

     **Christopher Loizides**
     Loizides PA
     1225 King Street Suite 800
     Wilmington DE 19801
     302-654-0248

**Appellee's
Counsel:**

     **David W. Carickhoff, Jr**
     Pachulski Ziehl Stang Ziehl Young Jones
     919 N. Market St.
     16th Floor
     Wilmington, DE 19899
     302-652-4100