IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ANDERSON MEMORIAL HOSPITAL, | ) | |
| Appellants | ) | Civil Action No. 1:08-mc-00118-RLB |
| | ) | |
| v. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | AP No. 08-AP- 39 |
| W. R. GRACE & Co., et al. | ) | |
| Appellees | ) | **Re:  Appeal D.I. 1, 2, 4, 6** |

**DEBTORS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO
ANDERSON MEMORIAL HOSPITAL'S APPLICATION FOR APPEAL OF ORDER
DENYING CLASS CERTIFICATION UNDER FED. R. BANKR. P. 7023**

Pursuant to LR 7.1.2(b), appellee Debtors move this Court for leave to file a sur-reply, of

less than five pages in length, in opposition to Anderson Memorial Hospital's motion for leave to

appeal the bankruptcy court's order denying its motion for class certification.  The sur-reply is

attached as Exhibit A hereto.  A proposed order is attached as Exhibit B hereto.

1.      On July 9, 2008, Anderson filed a motion for leave to appeal the bankruptcy

court's order denying its motion for class certification.  (D.I. 1)  Debtors filed their response on

June 19, 2008.  (D.I. 2)

2.      On July 7, 2008, Anderson moved for leave to file a reply in support of its

motion.  (D.I. 4)  The Court granted Anderson's motion on July 9, 2008, and Anderson's reply

was deemed to be filed as of that date.  (D.I. 6)

3.      Anderson's reply is 20 pages in length, exclusive of exhibits.  (D.I. 4 Exhibit A)

Contrary to LR 7.1.3(c)(2), the reply includes new arguments which, if they are proper at all,

"should have been included in a full and fair opening brief."

4.      Specifically, Anderson's reply includes new arguments regarding the finality of

the bankruptcy court's order denying class certification, the reasoning of the bankruptcy court in

denying class certification, the nature of the proposed class, and the impact that an appeal would have on plan negotiations. (*Id.*)

5.    Debtors believe that the sur-reply attached as Exhibit A hereto would assist the Court in addressing the arguments set forth in Anderson's reply and in deciding its motion for leave to appeal.

WHEREFORE, Debtors respectfully request that the Court enter an order in the form attached as Exhibit B hereto granting leave to file a short sur-reply to address the new arguments raised in Anderson's reply.

Dated:  July 11, 2008

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
Michael T. Dierkes
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ANDERSON MEMORIAL HOSPITAL, | ) | |
| Appellants | ) | Civil Action No. 1:08-mc-00118-RLB |
| | ) | |
| v. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | AP No. 08-AP- 39 |
| W. R. GRACE & Co., et al. | ) | |
| Appellees | ) | **Re: Appeal D.I. 1, 2, 4, 6** |

**DEBTORS' SUR-REPLY IN OPPOSITION TO ANDERSON MEMORIAL'S
APPLICATION FOR APPEAL OF ORDER DENYING CLASS CERTIFICATION
UNDER FED. R. BANKR. P. 7023**

Grace submits this less-than-5-page Sur-Reply to address only those new matters raised

by Anderson Memorial Hospital in its 20-page Reply.

**I.      The Bankruptcy Court's Denial of Class Certification is Not A Final Order.**

The Bankruptcy Court's denial of class certification did not dispose of any property

damage claims.  It did not, as Anderson contends, "effectively terminate[] the litigation and

foreclose[] any chance of presenting in this bankruptcy case a property damage claim for

hundreds if not thousands of absent class members."  Reply at 2.  Those claimants had the

opportunity to file individual proofs of claim by the March 31, 2003 Bar Date.  Some of them

did; some of them did not; and in the name of some of them, Anderson's counsel filed

unauthorized proofs of claim, leading to extensive litigation in the Bankruptcy Court and this

Court, 2007 WL 4333817 (D. Del. Dec. 6, 2007), with the result that this Court refused to

unwind the Bar Date by allowing Anderson's counsel to file the unauthorized claims.  *Id.* at *6,

*8.[1]  As to the already-disposed-of or never-filed claims, the denial of class certification simply

---

[1] The claimants' appeal is now pending in the Third Circuit. *Mission Towers v. W.R. Grace*, No. 08-1044, United States Court of Appeals for the Third Circuit.

does not allow such claims to spring up from the dead and come back into this case. And, the denial of class certification has no impact on the remaining approximately 170 unresolved individual claims filed by Anderson's counsel, some of which are subject to settlements-in-principle and some of which are subject to pending summary judgment motions to be decided by the Bankruptcy Court.

## II.    The Bankruptcy Court's Statement Regarding The Timing of Anderson's Filing of Its Class Proof of Claim is Not a Basis for Appeal.

Although Anderson devotes nine pages to a re-hash of various statements by the Bankruptcy Court and others in 2002 on the topic of whether, to what extent, and at what time class proofs of claim would be permitted, none of this has anything to do with what the Bankruptcy Court actually found in its opinion denying class certification.

*First*, regardless of what the Bankruptcy Court or any party said in 2002, in its May 29, 2008 Memorandum Opinion, the Bankruptcy Court assumed, without deciding, that class proofs of claim are allowed. Had the Bankruptcy Court wished to rule that class proofs of claim are not permitted in bankruptcies, it could have. It did not.

*Second*, although the Bankruptcy Court remarked that Anderson sought certification two years after the Bar Date and three years after the court ordered a motion to be filed, *In re W. R. Grace*, 2008 WL 2245811, *3 (Bankr. D. Del. May 29, 2008), these observations did not form the basis of the rulings that Anderson (1) had not met Rule 23(a)'s numerosity requirements, and (2) failed to satisfy Rule 23(b)'s requirements. *Id.* at *2, *3-*5, citations omitted. Thus, these statements by the Bankruptcy Court are not a basis for appeal.

## III.   Certification of a PD Class At This Late Date Would Impact Plan Negotiations.

Anderson argues that because Grace has reached an agreement with the Personal Injury claimants and that Property Damage claims will be paid 100%, it follows that "Grace can hardly

2

claim that prosecution of this appeal would seriously interfere with plan negotiations." Reply at

18. <u>Exactly the opposite is true.</u> Since 2005, there has been a intensive and successful several-

year process of dealing with the more than 4,000 property damage claims filed as of the Bar Date

on a claim-by-claim basis. As a result, there are now only approximately 170 pending PD

claims, of which approximately 100 are subject to settlements-in-principle. The results achieved

through this years-long process have been incorporated into plan negotiations and the new plan

that will soon be proposed. Certification of a PD class would marginalize that effort by

purporting to create a class of unknown additional claimants. It is a naked attempt to seek to

undermine a meticulous process that has been highly successful and has substantially helped the

various constituencies to reach the point of being able to propose a new plan.

**IV.    The ZAI Claims Have No Bearing on Anderson Class Issues.**

Contrary to Anderson's assertions, ZAI claims are not within the definition of the

Anderson class. The class is limited to certain buildings that contain "asbestos-containing

surfacing materials."[2] ZAI is not "asbestos-containing" as that term is defined in EPA and

---

[2] In its South Carolina case, Anderson's operative Second Amended Complaint sought a class of:

> all persons, corporations, partnerships, unincorporated associations or other entities which own in
> whole or in part any building in South Carolina which contains asbestos-containing surfacing
> materials; these buildings have suffered or will suffer asbestos contamination caused by the
> release of asbestos fibers from asbestos-containing surfacing materials manufactured, sold and/or
> distributed by defendants or for which Defendants are otherwise liable.

In this bankruptcy case:

> Anderson seeks to certify an opt-out class action on behalf of itself and the class of other property
> owners whose buildings were, are or will be contaminated with asbestos fibers released from
> asbestos-containing surfacing materials for which the Debtors are legally responsible including,
> but not limited to, those claims identified in Exhibit A. The class would explicitly exclude any
> building for which a property damage claim is currently pending in this bankruptcy not listed on
> Exhibit A.

Anderson Class Certification Motion at 2 (Bankr. Dkt. No. 10014, 10/21/05). While the class sought in this
bankruptcy case includes non-South Carolina claimants, it explicitly excludes claimants represented by other
counsel. (7/5/07 Bankr. Ct. Hrg. Tr. at 176)

OSHA regulations because it does not contain 1% or more asbestos.[3]  In addition, ZAI is not a

surfacing product as that term is used in the industry.  ZAI was sold by Grace as a supplemental

insulation for unfinished attics of existing homes; it was typically poured on top of existing

insulation.  Bankr. Ct. 12/14/06 Mem. Op. at 7, Bankr. Dkt. No. 14014.

Moreover, Anderson has provided no evidence and made no record that ZAI claims

should be part of its putative class.  Again exactly the opposite is true.  At the July 5, 2007

Bankruptcy Court hearing on Anderson's class certification motion, Anderson's counsel

contended: "Your Honor, and I mention this only in passing, because I don't want to get cross-

wise with my friends that are representing the ZAI claimants, Anderson also represented -- also

had a ZAI component in its definition, and . . . I'm staying away from that while you all are

litigating right now."  7/5/07 Bankr. Ct. Hrg. Tr. at 39-40.

As this Court is well aware, the Bankruptcy Court found that the presence of ZAI in

homes does not create an unreasonable risk of harm.  Dec. 14, 2006 Mem. Op., Bankr. Dkt. No.

14014.[4]  This Court denied the ZAI Claimants' request for an immediate interlocutory appeal,

finding that the Bankruptcy Court's ZAI opinion did not involve exceptional circumstances or

any controlling question of law as to which there is a substantial ground for difference of

opinion.  In re W.R. Grace, 2007 WL 1074094 (D. Del. March 26, 2007).  Since then, Grace has

engaged in substantial negotiations with certain U.S. and Canadian ZAI claimants' counsel,

mediated with them, and briefed and argued several motions they filed.  In addition, Grace

---

[3] Under EPA standards, materials containing less than one percent asbestos are not considered Asbestos
Containing Material ("ACM").  EPA, "National Emission Standards for Hazardous Air Pollutants," 40 C.F.R. 61
(April 5, 1984), and EPA, "Managing asbestos in place:  A building owner's guide to operations and
maintenance programs for asbestos-containing materials (Green Book)," EPA 20T-2003 (1990).

[4] "The evidence in the case before us shows an absence of asbestos fibers (either dormant or airborne) in the living
areas of homes with ZAI attic insulation.  Without evidence of the presence of asbestos fibers, the mere potential
for contamination and release alone is insufficient, under Adams-Arapahoe and Perlmutter, to substantiate that
there is any unreasonable risk of harm.  Id. at 25.

4

moved for a ZAI Proof of Claim Bar Date, which the Bankruptcy Court granted on June 17,

2008, setting October 31, 2008 as the ZAI Claims Bar Date.  Bankr. Dkt. No. 18934.  Among the

multiple motions filed by ZAI Claimants is their Motion for an Order Recognizing and

Permitting Filing of a Washington State Class Proof of Claim, Bankr. Dkt. No. 18323, which is

set for hearing on July 22, 2008.  Anderson and its counsel have played no role in any of this.

     After presenting no evidence that ZAI claims are or should be part of an Anderson class,

having stated that it was "staying away" from ZAI claims, and having played no role in litigation

of ZAI issues, Anderson cannot now use ZAI claims as a basis for appeal.

## V.    Conclusion

     For the reasons stated in Grace's Brief in Opposition to Anderson's Application for

Leave to Appeal and in this Sur-Reply, Anderson's Application should be denied.

| Dated:  July 11, 2008 | KIRKLAND & ELLIS LLP |
| --- | --- |
| | David M. Bernick |
| | Lisa G. Esayian |
| | Michael T. Dierkes |
| | 200 East Randolph Drive |
| | Chicago, Illinois 60601 |
| | Telephone:  (312) 861-2000 |
| | Facsimile:  (312) 861-2200 |

     and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in
Possession

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDERSON MEMORIAL HOSPITAL, | ) | |
| Appellants | ) | Civil Action No. 1:08-mc-00118-RLB |
| | ) | |
| v. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | AP No. 08-AP- 39 |
| W. R. GRACE & Co., et al. | ) | |
| Appellees | ) | |

**ORDER GRANTING DEBTORS' MOTION FOR LEAVE TO FILE SUR-REPLY IN
OPPOSITION TO ANDERSON MEMORIAL HOSPITAL'S APPLICATION FOR
APPEAL OF ORDER DENYING CLASS CERTIFICATION UNDER
FED. R. BANKR. P. 7023**

Upon consideration of the above-referenced motion (the "Motion for Leave to File Sur-

Reply"), it is hereby ORDERED that:

1.    The Motion for Leave to File Sur-Reply is GRANTED.

2.    Appellee Debtors are permitted to file the sur-reply attached as Exhibit A to their

Motion for Leave to File Sur-Reply.

3.    Since the sur-reply was attached to Debtors' Motion for Leave to File Sur-Reply,

the sur-reply is deemed to have been filed simultaneously therewith, on July 11, 2008.

DATED: _____, 2008              _____

Honorable Ronald L. Buckwalter
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDERSON MEMORIAL HOSPITAL, | ) | |
| Appellant | ) | Civil Action No. 1:08-mc-00118-RLB |
| | ) | |
| v. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | AP No. 08-AP- 39 |
| W. R. GRACE & Co., et al. | ) | |
| Appellants | ) | **Re:  Appeal D.I. 1, 2, 4, 6** |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the ⅃⅃ day of July, 2008, I caused a

copy of the following document to be served on the individuals on the attached service list(s) in

the manner indicated:

**DEBTORS' MOTION FOR LEAVE TO FILE SUR-REPLY IN
OPPOSITION TO ANDERSON MEMORIAL HOSPITAL'S
APPLICATION FOR APPEAL OF ORDER DENYING CLASS
CERTIFICATION UNDER FED. R. BANKR. P. 7023.**

James E. O'Neill (DE Bar No. 4042)

DOCS_DE:138749.1

**W. R. Grace Anderson Appeal Service List**
Case No. 01-1139 (JKF)
Doc. No. 138485
08 – Hand Delivery
12 – First Class Mail

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Richard W. Riley, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Mark T. Hurford
Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

*Hand Delivery*
(Equity Committee Counsel)
Teresa K. D. Currier
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Anderson Memorial Hospital)
Christopher D. Loizides, Esquire
Loizides, P.A.
Legal Arts Building
1225 King Street, Suite 800
Wilmington, DE 19801

*First Class Mail*
(Counsel to Debtor)
David B. Bernick, P.C.
Janet Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

*First Class Mail*
(W. R. Grace & Co.)
Mark Shelniz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

*First Class Mail*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*First Class Mail*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152

*First Class Mail*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
(Equity Committee Counsel)
Philip Bentley, Esquire
Douglas Mannal, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
(Counsel for David T. Austern)
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152  15th Street, N.W.
Washington, DC  20005-1706

**First Class Mail**
(Counsel to David T. Austern, Future
Claimant's Representative)
Phillips, Goldman & Spence, P.A.
John C. Phillips, Jr.
1200 North Broom Street
Wilmington, DE  19806

**First Class Mail**
(Counsel for Anderson Memorial Hospital)
Daniel A. Speights, Esquire
Marion C. Fairey, Jr., Esquire
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924