# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDERSON MEMORIAL HOSPITAL, | ) | |
| Appellants | ) | Civil Action No. 1:08-mc-00118-RLB |
| | ) | |
| v. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | AP No. 08-AP- 39 |
| W. R. GRACE & Co., et al. | ) | |
| Appellees | ) | Re: Appeal D.I. 1, 2, 4, 6 |

**DEBTORS' SUR-REPLY IN OPPOSITION TO ANDERSON MEMORIAL'S
APPLICATION FOR APPEAL OF ORDER DENYING CLASS CERTIFICATION
UNDER FED. R. BANKR. P. 7023**

Grace submits this less-than-5-page Sur-Reply to address only those new matters raised by Anderson Memorial Hospital in its 20-page Reply.

**I.   The Bankruptcy Court's Denial of Class Certification is Not A Final Order.**

The Bankruptcy Court's denial of class certification did not dispose of any property damage claims. It did not, as Anderson contends, "effectively terminate[] the litigation and foreclose[] any chance of presenting in this bankruptcy case a property damage claim for hundreds if not thousands of absent class members." Reply at 2. Those claimants had the opportunity to file individual proofs of claim by the March 31, 2003 Bar Date. Some of them did; some of them did not; and in the name of some of them, Anderson's counsel filed unauthorized proofs of claim, leading to extensive litigation in the Bankruptcy Court and this Court, 2007 WL 4333817 (D. Del. Dec. 6, 2007), with the result that this Court refused to unwind the Bar Date by allowing Anderson's counsel to file the unauthorized claims. *Id.* at *6, *8.[1] As to the already-disposed-of or never-filed claims, the denial of class certification simply

---

[1] The claimants' appeal is now pending in the Third Circuit. *Mission Towers v. W.R. Grace*, No. 08-1044, United States Court of Appeals for the Third Circuit.

does not allow such claims to spring up from the dead and come back into this case. And, the denial of class certification has no impact on the remaining approximately 170 unresolved individual claims filed by Anderson's counsel, some of which are subject to settlements-in-principle and some of which are subject to pending summary judgment motions to be decided by the Bankruptcy Court.

II. **The Bankruptcy Court's Statement Regarding The Timing of Anderson's Filing of Its Class Proof of Claim is Not a Basis for Appeal.**

Although Anderson devotes nine pages to a re-hash of various statements by the Bankruptcy Court and others in 2002 on the topic of whether, to what extent, and at what time class proofs of claim would be permitted, none of this has anything to do with what the Bankruptcy Court actually found in its opinion denying class certification.

*First*, regardless of what the Bankruptcy Court or any party said in 2002, in its May 29, 2008 Memorandum Opinion, the Bankruptcy Court assumed, without deciding, that class proofs of claim are allowed. Had the Bankruptcy Court wished to rule that class proofs of claim are not permitted in bankruptcies, it could have. It did not.

*Second*, although the Bankruptcy Court remarked that Anderson sought certification two years after the Bar Date and three years after the court ordered a motion to be filed, *In re W. R. Grace*, 2008 WL 2245811, *3 (Bankr. D. Del. May 29, 2008), these observations did not form the basis of the rulings that Anderson (1) had not met Rule 23(a)'s numerosity requirements, and (2) failed to satisfy Rule 23(b)'s requirements. *Id.* at *2, *3-*5, citations omitted. Thus, these statements by the Bankruptcy Court are not a basis for appeal.

III. **Certification of a PD Class At This Late Date Would Impact Plan Negotiations.**

Anderson argues that because Grace has reached an agreement with the Personal Injury claimants and that Property Damage claims will be paid 100%, it follows that "Grace can hardly

2

claim that prosecution of this appeal would seriously interfere with plan negotiations." Reply at 18. <u>Exactly the opposite is true.</u> Since 2005, there has been a intensive and successful several-year process of dealing with the more than 4,000 property damage claims filed as of the Bar Date on a claim-by-claim basis. As a result, there are now only approximately 170 pending PD claims, of which approximately 100 are subject to settlements-in-principle. The results achieved through this years-long process have been incorporated into plan negotiations and the new plan that will soon be proposed. Certification of a PD class would marginalize that effort by purporting to create a class of unknown additional claimants. It is a naked attempt to seek to undermine a meticulous process that has been highly successful and has substantially helped the various constituencies to reach the point of being able to propose a new plan.

## IV.  The ZAI Claims Have No Bearing on Anderson Class Issues.

Contrary to Anderson's assertions, ZAI claims are not within the definition of the Anderson class. The class is limited to certain buildings that contain "asbestos-containing surfacing materials."[2] ZAI is not "asbestos-containing" as that term is defined in EPA and

---

[2] In its South Carolina case, Anderson's operative Second Amended Complaint sought a class of:

> all persons, corporations, partnerships, unincorporated associations or other entities which own in whole or in part any building in South Carolina which contains asbestos-containing surfacing materials; these buildings have suffered or will suffer asbestos contamination caused by the release of asbestos fibers from asbestos-containing surfacing materials manufactured, sold and/or distributed by defendants or for which Defendants are otherwise liable.

In this bankruptcy case:

> Anderson seeks to certify an opt-out class action on behalf of itself and the class of other property owners whose buildings were, are or will be contaminated with asbestos fibers released from asbestos-containing surfacing materials for which the Debtors are legally responsible including, but not limited to, those claims identified in Exhibit A. The class would explicitly exclude any building for which a property damage claim is currently pending in this bankruptcy not listed on Exhibit A.

Anderson Class Certification Motion at 2 (Bankr. Dkt. No. 10014, 10/21/05). While the class sought in this bankruptcy case includes non-South Carolina claimants, it explicitly excludes claimants represented by other counsel. (7/5/07 Bankr Ct. Hrg. Tr. at 176)

3

OSHA regulations because it does not contain 1% or more asbestos.[3] In addition, ZAI is not a surfacing product as that term is used in the industry. ZAI was sold by Grace as a supplemental insulation for unfinished attics of existing homes; it was typically poured on top of existing insulation. Bankr. Ct. 12/14/06 Mem. Op. at 7, Bankr. Dkt. No. 14014.

Moreover, Anderson has provided no evidence and made no record that ZAI claims should be part of its putative class. <u>Again exactly the opposite is true.</u> At the July 5, 2007 Bankruptcy Court hearing on Anderson's class certification motion, Anderson's counsel contended: "Your Honor, and I mention this only in passing, because I don't want to get cross-wise with my friends that are representing the ZAI claimants, Anderson also represented -- also had a ZAI component in its definition, and . . . I'm staying away from that while you all are litigating right now." 7/5/07 Bankr. Ct. Hrg. Tr. at 39-40.

As this Court is well aware, the Bankruptcy Court found that the presence of ZAI in homes does not create an unreasonable risk of harm. Dec. 14, 2006 Mem. Op., Bankr. Dkt. No. 14014.[4] This Court denied the ZAI Claimants' request for an immediate interlocutory appeal, finding that the Bankruptcy Court's ZAI opinion did not involve exceptional circumstances or any controlling question of law as to which there is a substantial ground for difference of opinion. *In re W.R. Grace*, 2007 WL 1074094 (D. Del. March 26, 2007). Since then, Grace has engaged in substantial negotiations with certain U.S. and Canadian ZAI claimants' counsel, mediated with them, and briefed and argued several motions they filed. In addition, Grace

---

[3] Under EPA standards, materials containing less than one percent asbestos are not considered Asbestos Containing Material ("ACM"). EPA, "National Emission Standards for Hazardous Air Pollutants," 40 C.F.R. 61 (April 5, 1984), and EPA, "Managing asbestos in place: A building owner's guide to operations and maintenance programs for asbestos-containing materials (Green Book)," EPA 20T-2003 (1990).

[4] "The evidence in the case before us shows an absence of asbestos fibers (either dormant or airborne) in the living areas of homes with ZAI attic insulation. Without evidence of the presence of asbestos fibers, the mere potential for contamination and release alone is insufficient, under *Adams-Arapahoe* and *Perlmutter*, to substantiate that there is any unreasonable risk of harm." *Id.* at 25.

moved for a ZAI Proof of Claim Bar Date, which the Bankruptcy Court granted on June 17, 2008, setting October 31, 2008 as the ZAI Claims Bar Date. Bankr. Dkt. No. 18934. Among the multiple motions filed by ZAI Claimants is their Motion for an Order Recognizing and Permitting Filing of a Washington State Class Proof of Claim, Bankr. Dkt. No. 18323, which is set for hearing on July 22, 2008. Anderson and its counsel have played no role in any of this.

After presenting no evidence that ZAI claims are or should be part of an Anderson class, having stated that it was "staying away" from ZAI claims, and having played no role in litigation of ZAI issues, Anderson cannot now use ZAI claims as a basis for appeal.

## V.   Conclusion

For the reasons stated in Grace's Brief in Opposition to Anderson's Application for Leave to Appeal and in this Sur-Reply, Anderson's Application should be denied.

Dated: July 11, 2008

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
Michael T. Dierkes
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession