IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CIVIL ACTION NO. 08-118 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | BANKRUPTCY CASE NO. 01-1139 |
| | : | |
| Debtors. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                          September 4, 2008

        Presently before the Court are Anderson Memorial Hospital's ("Anderson Memorial") Motion for Leave to Appeal the Bankruptcy Court's Order Denying Class Certification Under Fed. R. Bankr. P. 7023 (Docket No. 1), Debtors' Brief in Opposition (Docket No. 2), Anderson Memorial's Reply Memorandum (Docket No. 9), and Debtors' Sur-reply (Docket No. 10).  For the reasons stated below, Anderson Memorial's Motion for Leave to Appeal is Denied.

**I. BACKGROUND**

        On December 23, 1992, Anderson Memorial, represented by Speights & Runyan ("S&R"), filed a class action in South Carolina state court on behalf of certain building owners and against Debtors and other manufacturers of asbestos containing materials.  In 1994, the South Carolina court issued an order striking out-of-state class members for the Anderson Memorial Complaint based on the South Carolina "Door Closing Statute." S.C. Code Anno. § 15-5-150.  Thereafter, the South Carolina action proceeded only as to buildings located in South Carolina.

        On February 9, 2001, the South Carolina court entered an *ex parte* order conditionally certifying the state-wide class.  Shortly thereafter, on April 2, 2001, Grace filed its

Chapter 11 petition. The South Carolina court subsequently issued a final order certifying a class of South Carolina building owners as to the remaining defendants in the South Carolina proceedings, but not as to Grace due to the bankruptcy stay.

By order dated April 22, 2002, the Bankruptcy Court approved an extensive notice program and set March 31, 2003 as the bar date for asbestos property damage claims. (Bankr. Dkt. No. 1963.) That order was not appealed. Thereafter, at the request of the Asbestos Property Damage Committee ("PD Committee")—of which Daniel Speights of S&R is a member—the Bankruptcy Court abated "the requirement in the Bar Date Notice that counsel of record for asbestos property damage claimants either (1) certify that they notified their clients of the bar date by transmitting to them the proof of claim package or (2) give names and addresses to Grace so Grace could notify them directly." *In re W.R. Grace & Co.*, 389 B.R. 373, 375 (Bankr. D. Del. 2008) (citing Bankr. Dkt. Nos. 2269, 2274, 2745, 2394, 2469 and 2503).

Over 4,000 individual property damage claims were filed in response to the notice program and prior to the March 31, 2003 bar date. Approximately 3,000 of those claims were filed by S&R, two of which were class proofs of claim on behalf of "worldwide" and "statewide" building owners from the Anderson Memorial class action. (Proof of Claim Nos. 9911 and 9914.) S&R did not file a motion for class certification until October 22, 2005, over two and a half years past the bar date. (Bankr. Dkt. No. 10014.) In the meantime, many of the claims filed by S&R were either withdrawn and/or expunged after findings that S&R lacked authority to file on behalf of the individual claimants.

The Bankruptcy Court denied Anderson Memorial's motion for class certification of a class including South Carolina building owners and non-South Carolina claimants whose

buildings are allegedly contaminated with asbestos, finding that Anderson Memorial failed to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a).[1]  Anderson Memorial now seeks leave to appeal that order, arguing that the facts and circumstances surrounding the Bankruptcy Court's order meet the requirements to justify an interlocutory appeal.[2]

## II.  DISCUSSION

The parties dispute the standard to be applied regarding interlocutory appeal.[3] Anderson Memorial argues that the decision to allow an appeal from the Bankruptcy Court order denying class certification should be governed by Federal Rule of Civil Procedure 26(f).[4]

---

[1] Federal Rule of Civil Procedure 23(a) is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7023(a).

[2] As to the underlying Bankruptcy Court Order, Anderson Memorial raises two issues for appeal:
> (1) Whether it was error for the bankruptcy court to limit its consideration of numerosity to only those claimants who had independently filed their own proofs of claim prior to the bar date; and
> (2) Whether it was error for the bankruptcy court to find in 2008 that it had, on February 25, 2002, orally ordered property damage claimants to seek permission to file class proofs of claim in advance of the bar date when examination entire record before the court in 2002 including the bar order itself does not support such a finding.

(Anderson Memorial's Motion for Leave to Appeal 14.)

[3] Anderson Memorial initially contends that because the Bankruptcy Court's Order was entered "with prejudice," the order was final and it "effectively terminates the litigation and forecloses any chance of presenting . . . a property damage claim for hundreds if not thousands of absent class members." (Reply Mem. 2.)  The Court declines to adopt Anderson Memorial's reasoning and finds that the appeal sought here of an order denying class certification is indeed interlocutory.

[4] A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 10 days after the order is entered. Fed. R. Civ. P. 23(f).  An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.  *Id.*

Debtors, on the other hand, argue that Federal Rule of Civil Procedure 23(f) does not govern District Court review of Bankruptcy Court decisions regarding class certification, and thus the usual standard governing interlocutory appeals—28 U.S.C. 1292(b)—should be applied.[5] Both parties point to the Eleventh Circuit's decision *Chrysler Financial Corp. v. Powe*, 312 F.3d 1241 (11th Cir. 2002) holding that Rule 23(f) does not permit direct interlocutory review by a circuit court of class certification orders entered by bankruptcy court judges, to support their contentions. *Powe*, however, is inconclusive with respect to the issue presented here, where the appeal is sought from the bankruptcy court to the district court, not the court of appeals. Moreover, the Third Circuit has yet to address the applicability of Rule 23(f) in the context of bankruptcy class certification decisions. However, we need not answer this question, because even applying the Rule 23(f) standard requested by Anderson Memorial, the Court does not find

---

Recognizing that Court of appeals have wide latitude to accept or reject appeals of certification orders, the Third Circuit has identified three situations making interlocutory review appropriate: "(1) the possible case-ending effect of an imprudent class certification decision (the decision is likely dispositive of the litigation); (2) an erroneous ruling; or (3) facilitate development of the law on class certification." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 165 (3d Cir. 2001).

[5]Section 158(a)(3) of the Judicial Code gives the district courts jurisdiction to hear appeals, with leave of court, from interlocutory orders and decrees. 28 U.S.C. § 158(a)(3). In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of an interlocutory order of a district court to a court of appeals is warranted. *In re Edison Bros. Stores, Inc.*, Civ. A. No. 96-177, 1996 WL 363806, at *3 (D. Del. June 27, 1996) (citing *In re Delaware and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989)). An appellant must establish that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *Delaware & Hudson*, 96 B.R. at 473. In addition to the requirement of establishing exceptional circumstances, a court will grant an interlocutory appeal only if the order at issue: (1) involves a controlling question of law as to which there is (2) substantial ground for difference of opinion and (3) when an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Id.*

that the circumstances justify granting Anderson Memorial's motion for leave to appeal.

Under Rule 23(f), a court of appeals may permit an appeal from an order granting or denying class-action certification. Fed. R. Civ. P. 23(f). In exercising its discretion to grant review, the Third Circuit has stated that "[i]f granting the appeal . . . would permit us to address (1) the possible case-ending effect of an imprudent class certification decision (the decision is likely dispositive of the litigation); (2) an erroneous ruling; or (3) facilitate development of the law on class certification, then granting the motion would be appropriate." *Newton v. Merrill Lunch*, 259 F.3d at 165. "In the end, however, the courts of appeals are afforded wide latitude as 'permission to appeal may be granted or denied on the basis of any consideration that the courts of appeals finds persuasive.'" Id. (citing Committee Note, Fed. R. Civ. P. 23(f)).

The Court has looked at the class certification decision in detail, and in this case, the denial of class certification was neither imprudent nor erroneous. The Bankruptcy Court's decision that the Federal Rule of Civil Procedure 23(a) numerosity requirement was not met was sound. Furthermore, the Court agrees with the Bankruptcy Court that certifying this class would effectively render the bar date useless and adversely affect claimants who filed timely proofs of claim. Therefore, the court declines to grant review of the class certification decision.

## III. CONCLUSION

For the reasons stated, Anderson Memorial's Motion for Leave to Appeal is Denied. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CIVIL ACTION NO. 08-118 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | BANKRUPTCY CASE NO. 01-1139 |
| | : | |
| Debtors. | : | |

### ORDER

AND NOW, this 4th day of September, 2008, upon consideration of Anderson Memorial Hospital's Motion for Leave to Appeal the Bankruptcy Court's Order Denying Class Certification Under Fed. R. Bankr. P. 7023 (Docket No. 1), Debtors' Brief in Opposition (Docket No. 2), Anderson Memorial Hospital's Reply Memorandum (Docket No. 9), and Debtors' Sur-reply (Docket No. 10), it is hereby **ORDERED** that Anderson Memorial Hospital's Motion for Leave to Appeal is **DENIED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.